

1 | JOHN P. LeCRONE (State Bar No. 115875)
  |   johnlecrone@dwt.com
2 | CAMILO ECHAVARRIA (State Bar No. 192481)
  |   camiloechavarria@dwt.com
3 | DAVIS WRIGHT TREMAINE LLP
  | 865 S. Figueroa Street, Suite 2400
4 | Los Angeles, California  90017-2566
  | Telephone:  (213) 633-6800
5 | Fax:  (213) 633-6899

6

7 | Attorneys for Defendant
  | PLAYBOY ENTERPRISES INTERNATIONAL, INC.

```
                 FILED
         CLERK, U.S. DISTRICT COURT

            MAR 1 1 2011

        CENTRAL DISTRICT OF CALIFORNIA
        BY                      DEPUTY
```

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | DAVID LONG, JR., an individual
   | suing on behalf of himself, all those
13 | similarly situated and the general
   | public,
14 |
15 |                 Plaintiffs,
16 |
   |     vs.
17 | PLAYBOY ENTERPRISES
   | INTERNATIONAL, INC. and DOES
18 | 1 through 500,
19 |
   |                 Defendants.

Case No. CV11-02128 AHM (AJWX)

**DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT; DECLARATION OF HOWARD SHAPIRO IN SUPPORT THEREOF**

Action Filed:  January 31, 2011

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. Sections 1332, 1441, 1446, and 1453, Defendant
Playboy Enterprises International, Inc. ("Defendant") files this Notice of Removal
of this action from the Superior Court of the State of California for the County of
Los Angeles, in which it is now pending, to the United States District Court for the
Central District of California.  As the basis for removal, Defendant represents that:

1.      Plaintiff David Long, Jr. ("Plaintiff")  commenced this class action on
January 31, 2011 (the "State Court Action") against Defendant in the Los Angeles
Superior Court, bearing case number BC 454001 for: (1) Violation of the Unruh
Civil Rights Act; (2) Violation of the Civil Code § 51.5; (3) Violation of the Gender
Tax Repeal Act of 1995; (4) Unfair, Deceptive and Unlawful Business Practices –
Unruh Act Violations; (5) Unfair, Deceptive and Unlawful Business Practices –
Civil Code § 51.5; (6) Unfair, Deceptive and Unlawful Business Practices – Gender
Tax Repeal Act Violations; (7) Unfair, Deceptive and Unlawful Business Practices
– Unlawful Contract; (8) Unfair, Deceptive and Unlawful Business Practices –
Unconscionable Contract; (9) Negligent Hire, Supervision and Retention.

2.      Plaintiff filed a First Amended Complaint ("FAC") in the State Court
Action on February 24, 2011 for: (1) Violation of the Unruh Civil Rights Act; (2)
Violation of the Civil Code § 51.5; (3) Violation of the Gender Tax Repeal Act of
1995; (4) Unfair, Deceptive and Unlawful Business Practices – Unruh Act
Violations; (5) Unfair, Deceptive and Unlawful Business Practices – Civil Code §
51.5; (6) Unfair, Deceptive and Unlawful Business Practices – Gender Tax Repeal
Act Violations.

3.      In his FAC, Plaintiff asserts, on his own behalf and on behalf of a
putative class of "California males," claims arising out of a certain charitable event
known as the "White Party" that Plaintiff alleges occurred at the Playboy Mansion
in Los Angeles on May 23, 2009 and other, similar events that occurred on

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | unknown dates, where males allegedly were charged more for admission to the
2 | event than females, in violation of the Cal. Unruh Act, Cal. Civil Code §§ 51 *et seq.*
3 | Plaintiff further alleges that Defendant, in allowing such events to occur at the
4 | Playboy Mansion, engaged in unfair, deceptive, or unlawful business practices in
5 | violation of Cal. Bus. & Prof. Code § 17200.

6 |     4.    A copy of the Summons, Complaint, Notice of Related Case and Civil
7 | Case Cover Sheet are attached collectively hereto as Exhibit "A" and incorporated
8 | by reference. A copy of the proof of service of summons is attached as Exhibit "B"
9 | and incorporated by reference. A copy of a Court Order dated February 8, 2011 and
10 | proof of service is attached as Exhibit "C" and incorporated by reference. A copy
11 | of the Summons, First Amended Complaint, Notice of Related Case and Civil Case
12 | Cover Sheet on the First Amended Complaint are attached collectively as Exhibit
13 | "D" and incorporated by reference. A copy of Defendant's Answer to the First
14 | Amended Complaint is attached as Exhibit "E" and incorporated by reference. A
15 | copy of Defendant's Response and Objections to Plaintiff's Notice of Related Case
16 | is attached as Exhibit "F" and incorporated by reference. A copy of Defendant's
17 | Request for Judicial Notice in Support of Defendant's Response and Objections to
18 | Plaintiff's Notice of Related Case is attached as Exhibit "G" and incorporated by
19 | reference. There have been no further proceedings filed in the Los Angeles Superior
20 | Court as of the date of this removal.

21 |     5.    The Los Angeles Superior Court (where this action was originally
22 | filed) is located within the jurisdiction of the United States District Court for the
23 | Central District of California.

24 |     6.    This removal is timely pursuant to 28 U.S.C. §§ 1446 and 1453
25 | because not more than 30 days have passed since Defendant received service of
26 | Plaintiff's original Summons and Complaint. Service on Defendant of the original
27 | summons and complaint was made by personal service on February 10, 2011. *See*
28 | *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANTS' NOTICE OF REMOVAL
DWT 16714585v2 0061612-000015

7.     Defendant PEII is the only defendant named in the state court action. Defendant is not aware of the existence of, or service on, any "Doe" defendant; consequently, no further consent to removal is required. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

8.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332(a) and 1332(d), and is one that may be removed to this Court under 28 U.S.C. § 1441. Because the state court action is pending in the Los Angeles Superior Court, removal of the state court action to this District Court is proper under 28 U.S.C. sections 1391(a) and 1446(a).

9.     Pursuant to 28 U.S.C. Section 1332(d)(2), this District Court has original jurisdiction over this civil action as the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a putative class action comprised of at least 100 members in which any member of the class of plaintiffs is a citizen of a state different from any defendant.

10.     Plaintiff alleges in the FAC that he is suing on behalf of all "California males who were denied equal pricing for the Gender-Based Pricing Promotion whether to the White Party or any other similar event hosted at the Playboy Mansion." Plaintiff further alleges that he is a "male California resident over the age of 21." *See* FAC ¶ 7, 8. On information and belief, Plaintiff is a citizen of the State of California.

11.     Defendant PEII is incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois. *See* Declaration of Howard Shapiro ("Shapiro Declaration), at ¶ 3. In addition, PEII has at all times maintained its headquarters and corporate offices at 680 N. Lake Shore Drive, 15th Floor, in Chicago, Illinois. *Id.* Most of PEII's management-level executives maintain offices in Chicago, including PEII's Chief Executive Officer, Chief Financial Officer and General Counsel. *Id.* All of PEII's corporate decisions are made through PEII's Chicago headquarters, and its executive, Human Resources,

DEFENDANTS' NOTICE OF REMOVAL
DWT 16714585v2 0061612-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

accounting, Licensing Group, Payroll and administrative staff are all located there. *Id.* As such, there is complete diversity between Plaintiff, on the one hand, and Defendant, on the other hand.

12.     Plaintiff's counsel, Eric Jenkins, states in a letter to Howard Shapiro, PEII's Vice President and General Counsel, dated February 16, 2011, that between 250 and 1,000 men attended the May 29, 2009 White Party event *See* Exhibit "A" to Shapiro Declaration.  Therefore, according to Plaintiff's own estimates, the putative class is at least 100 members.

13.     Defendant denies Plaintiff's allegations regarding PEII's liability and will vigorously oppose certification of the putative class.  However, for the purposes of establishing the jurisdictional predicates for removal, Defendant alleges, on information and belief, that the aggregated amount in controversy in this action exceeds $5 million, exclusive of interest and costs.

14.     *First*, Plaintiff's counsel alleges in his letter dated February 16, 2011, that "Playboy is liable for damages between $1,000,000 and $4,000,000 for this event alone." *See* Exhibit "A" to Shapiro Declaration.  Jenkins also states that they have asked "the court to certify a class of men for every similar event hosted at the Playboy mansion over the past three years." *See id*.  Therefore, even if only one additional similar event was hosted at the Playboy mansion and is included as part of this lawsuit, the amount of potential damages would exceed the statutory amount in controversy threshold of $5,000,000.

15.     *Second*, in the FAC, Plaintiff seeks compensatory damages in an unknown amount, including without limitation statutory penalties, penalties, restitution, and exemplary damages. *See* FAC ¶¶ 31, 37, & 43 as well as the prayer for relief.  Plaintiff also seeks injunctive relief and reimbursement of costs.

16.     *Third*, the aggregate amount in controversy totals at least $5 million, does not include additional statutory penalties and attorneys' fees to which Plaintiff asserts in the Complaint he is entitled, all of which must be included in calculating

DEFENDANTS' NOTICE OF REMOVAL
DWT 16714585v2 0061612-000015

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  the amount in controversy for purposes of removal.  *See* 28 U.S.C. § 1332(d)(2).

2  On information and belief, Defendant alleges that Plaintiff's attorneys' fees in this

3  class action likely will exceed $100,000.  *See also St. Paul Reinsurance Co. v.*

4  *Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (statutory penalties may be

5  included in jurisdictional amounts); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365,

6  1367 (9th Cir. 1992) (plaintiffs' pro rata share of statutory attorneys' fees included

7  in jurisdictional amount).  Thus, the amount in controversy threshold of $5 million

8  is satisfied.

9      17.   As there is complete diversity of citizenship and the amount in

10  controversy exceeds $5,000,000, this Court has subject matter jurisdiction over this

11  matter pursuant to 28 U.S.C. § 1332(a).  Thus, for this reason too, this action is

12  removable under 28 U.S.C. § 1441.

13      18.   Defendant certifies that written notice of the filing of this Notice of

14  Removal will be promptly given to Plaintiff and to the Clerk of Court of Los

15  Angeles Superior Court.

16      WHEREFORE, Defendant prays that the above-described civil action be

17  removed from the Superior Court of the State of California for the County of Los

18  Angeles to the United States District Court for the Central District of California.

19

20  DATED:  March 11, 2011          DAVIS WRIGHT TREMAINE LLP
                                    John P. LeCrone
21                                  Camilo Echavarria

22

23                                  By: _John P. LeCrone/MNS_

24                                      John P. LeCrone

25                                  Attorneys for Defendants
                                    PLAYBOY ENTERPRISES
26                                  INTERNATIONAL, INC.

27

28

DEFENDANTS' NOTICE OF REMOVAL
DWT 16714585v2 0061612-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax:(213) 633-6899

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** PLAYBOY ENTERPRISES INTERNATIONAL,
*(AVISO AL DEMANDADO):* INC. AND DOES 1 THROUGH 500.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
**FILED**
Los Angeles Superior Court

JAN 3 1 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID LONG, JR. an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* suing on behalf of
himself, all those similarly situated and the
general public.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
111 NORTH HILL STREET
LOS ANGELES, CA 90012

CASE NUMBER:
*(Número del Caso):* BC454001

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erik C. Jenkins (Bar No. 188264)                      858-450-4050
FULLER JENKINS
11975 El Camino Real, Suite 200
San Diego, CA 92130
DATE:                                                *John A. Clarke*
*(Fecha)* JAN 3 1 2011          Clerk, by _____, Deputy
                              *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PLAYBOY ENTERPRISES INTERNATIONAL, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus



1  Craig D. Fuller (Bar No. 158482)
   Erik C. Jenkins (Bar No. 188264)
2  **FULLER JENKINS**
   11975 El Camino Real, Suite 200
3  San Diego, CA  92130
   Telephone: (858) 450-4050
4  Fax: (858) 450-4051
5
   Attorneys for Plaintiff
6

A6005
92012
Complex

**FILED**
Los Angeles Superior Court

JAN 3 1 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

7
8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9           **COUNTY OF LOS ANGELES, CENTRAL DIVISION**
10

DAVID LONG, JR., an individual suing on          Case No.   B C 454001
11 behalf of himself, all those similarly situated
   and the general public,                        **CLASS AND REPRESENTATIVE ACTION**
12
13                Plaintiff,                       **COMPLAINT FOR INJUNCTIVE RELIEF
                                                    AND DAMAGES RE:**
14       v.
                                                   1.  **Violation of the Unruh Civil Rights Act;**
15 PLAYBOY ENTERPRISES                             2.  **Violation of Civil Code § 51.5;**
   INTERNATIONAL, INC. and DOES 1                  3.  **Violation of the Gender Tax Repeal Act of**
16 through 500.                                         **1995;**
                                                   4.  **Unfair, Deceptive or Unlawful Business**
17                Defendants.                           **Practices – Unruh Act Violations;**
18                                                 5.  **Unfair, Deceptive or Unlawful Business**
                                                       **Practices – Civil Code § 51.5 Violations;**
19                                                 6.  **Unfair, Deceptive and Unlawful Business**
                                                       **Practices – Gender Tax Repeal Act**
20                                                     **Violations;**
                                                   7.  **Unfair, Deceptive and Unlawful Business**
21                                                     **Practices – Unlawful Contract;**
22                                                 8.  **Unfair, Deceptive and Unlawful Business**
                                                       **Practices – Unconscionable Contract;**
23                                                 9.  **Negligent Hire, Supervision and Retention**
24
                                                   **UNLIMITED JURISDICTION**
25
26 ////
27 ////
28 ////

CIT/CASE: BC454001 LFA/DEFH:
RECEIPT #: CCH11978Z039
DATE PAID: 01/31/11 03:23:12 PM
PAYMENT: $395.00
RECEIVED: $395.00
CHECK:
CASH:
CHANGE:
CARD#:          395.00

TIME: CASE: BC454001 LFA/DEFH:
RECEIPT #: CCH11978Z040
DATE PAID: 01/31/11 03:24:21 PM
CHECK:
CASH:
CHANGE:
CARD#:          550.00
550.00
0310

1

1    Plaintiff DAVID LONG, JR., individually and on behalf of the classes described herein and

2   on behalf of the general public, complains with regard to defendants PLAYBOY ENTERPRISES

3   INTERNATIONAL, INC., and DOES 1 through 500, and each of them, as follows:

4                              **NATURE AND BASIS OF ACTION**

5        1.       Arbitrary discrimination premised on suspect classifications is abhorrent to a free

6   and open society.    In recognition of this, the California Legislature has enacted numerous laws to

7   ensure that all persons in California are treated with respect and dignity irrespective of such

8   immutable characteristics as gender, color, culture or ancestry.  The primary anti-discrimination law

9   in California is the Unruh Civil Rights Act, codified in Civil Code section 51 et seq.  Under the Act,

10  businesses are prohibited from discriminating in housing and public accommodations on the basis of

11  sex, race, color, religion, ancestry, national origin, disability or medical condition.

12       2.       Similarly, the Gender Tax Repeal Act of 1995, codified in Civil Code section 51.6 et

13  seq., prohibits businesses from employing discriminatory differential pricing with regard to services

14  on the basis of gender.  This Act reinforces the statewide policy of non-discrimination articulated

15  under the Unruh Civil Rights Act, but is confined to acts of discrimination premised on gender

16  exclusively.

17       3.       The scope of the Unruh Civil Rights Act and the Gender Tax Repeal Act is broad,

18  and the Legislature has imposed a remedial scheme pursuant to which violators are dealt with

19  severely. Penalties include the assessment of mandatory-minimum statutory damages and the award

20  of attorneys' fees.  Moreover, each and every discriminatory offense constitutes a violation of both

21  Acts and may further form the basis for an independent cause of action for, among other things,

22  unlawful or unfair business practices under the Unfair Competition Law codified at Business &

23  Professions Code section 17200 et seq.  Parties liable under either the Unruh Civil Rights Act or the

24  Gender Tax Repeal Act include not only the principal party involved in the discrimination, but those

25  who aide or incite the discriminatory practices as well.

26       4.       This class action arises as a result of Defendants' intentional acts of discrimination

27  against men who were denied equal pricing for the purchase of an admission ticket for events held at

28  the Playboy Mansion, a property owned by PLAYBOY ENTERPRISES INTERNATIONAL, INC.

Complaint for Injunctive Relief and Damages

1    and known around the world as the symbol of Playboy, as famous as the Playboy bunny.  The

2    Playboy Mansion has been used consistently for events which were marketed to the general public in

3    California.   Consistently, these events were priced with men paying a greater ticket price than

4    women.  In particular, Plaintiff DAVID LONG, JR. attended an event known as the third annual

5    "White Party at the Playboy Mansion," which occurred on or about May 23, 2009 (hereinafter

6    alternatively referred to as "White Party" or the "Gender-Based Pricing Promotion") and which

7    Gender-Based Pricing Promotion was widely advertised over the internet and other media at least

8    several months prior to the White Party event.  **During the Gender-Based Pricing Promotion,**

9    **female customers were offered a free or reduced price admission as long as they abided by the**

10   **terms and conditions of the promotion.**[1] **The Men's Class, more specifically identified below,**

11   **were required to pay at least $625 to attend the White Party event.**  This pricing is detailed on

12   the "purchase" page of the White Party website, a true and correct printout of which is attached

13   hereto as Exhibit "A".

14        5.        With regard to the male customer-attendees of White Party, the effect of this

15   unlawful conduct of advertising and conducting a Gender-Based Pricing Promotion, has been to

16   deny Plaintiff, the putative class members and the general public, equal treatment under the law by

17   requiring them to expend thousands of dollars more for the same, or essentially the same, services,

18   entertainment and products offered to the female attendees of White Party, thereby promoting

19   harmful negative stereotypes contrary to California public policy as articulated by the California

20   Supreme Court in *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 37 and its progeny, and further

21   articulated by the California Legislature in the legislative history of Civil Code sections 51, 51.5 and

22   51.6.

23        6.        This unlawful conduct has additionally allowed Defendants to gain an unfair

24   advantage over its similarly-situated competitors who have lost business and goodwill to Defendants

25   as a direct consequence of this Gender-Based Pricing Promotion.   Defendants' sharp pricing

26   practices have therefore substantially harmed competition in the relevant industry.

27

28   [1] Promoters issued complimentary tickets to "gorgeous ladies only" via various online promotions and advertisements.
     Other, presumably less attractive women were charged $350.00.

Complaint for Injunctive Relief and Damages

7. These claims are prosecuted by a single class, the "Men's Class." This class is comprised of California males who were denied equal pricing for the Gender-Based Pricing Promotion whether to the White Party or any other similar event hosted at the Playboy Mansion. By this action, brought pursuant to the theories and principles asserted herein, Plaintiff seeks redress for these wrongs on behalf of himself, all others similarly situated and on behalf of the general public.

## PARTIES

8. Plaintiff DAVID LONG, JR. is a male California resident over the age of 21, who was denied equal pricing for the above-referenced Gender-Based Pricing Promotion and, as a result, paid more to attend the White Party then the event's female attendees.

9. Plaintiff Long is suing in his individual capacity, on behalf of the general public and is a member and proposed Class Representative of the Men's Class.

10. At all relevant times alleged herein, defendant PLAYBOY ENTERPRISES INTERNATIONAL, INC. was a California corporation doing business in California pursuant to a certificate of qualification issued it by the Secretary of State as provided by Corporations Code section 100 et seq.

11. Does 1 through 500, inclusive, are sued herein under fictitious names. Their true names and capacities, whether individual, corporate or otherwise, are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by those Defendants. Each reference in this complaint to "Defendant," "Defendants" or the specifically named Defendant refers also to all Defendants sued under fictitious names.

12. Defendants, and each of them, either participated directly in the gender-based pricing promotion described herein or aided and incited discriminatory practices in violation of Civil Code section 52 (a) and other code sections cited herein by assisting in the promotion of the gender-based pricing promotion and/or sponsoring the gender-based pricing promotion through activities including advertising.

4

13.     Unless otherwise alleged, whenever reference is made in this complaint to any act of "Defendant," "Defendants" or the specifically named Defendant, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

14.     Unless otherwise alleged, whenever reference is made in this complaint to any act or omission of any corporate or business Defendant, such allegation shall mean that such corporation or other business Defendant did the acts or omissions alleged in this complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or apparent scope of their authority.

15.     At all relevant times alleged herein, each of the Defendants has acted as an agent, representative, or employee of each of the other Defendants and has acted within the course and scope of said agency or representation.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction to preside over this matter pursuant to Article VI, section 10 of the California Constitution because this action is a cause not given by statute to other trial courts. Jurisdiction is further premised on, *inter alia*, the California Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.), the Unruh Civil Rights Act (Civ. Code, § 51 et seq.), the Gender Tax Repeal Act of 1995 (Civ. Code, § 51.6), Civil Code section 51.5 and Code of Civil Procedure section 382.

17.     This Court has jurisdiction over the Defendants in this action in that all Defendants are qualified with the California Secretary of State to do business in the State of California; or because they do sufficient business in California; or because they otherwise have sufficient minimum contacts in California to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

18.     Plaintiff is informed and believes, and on that basis alleges, that venue is proper in this particular Court because:

a) **Plaintiff was denied equal pricing for Defendants' Gender-Based Pricing Promotion while he was located in Los Angeles County, California; and**

b) Upon information and belief, defendant PLAYBOY ENTERPRISES INTERNATIONAL,

5

Complaint for Injunctive Relief and Damages

1    INC's Articles of Incorporation and/or other relevant documents files with the California

2    Secretary of State list a physical address in Los Angeles County, California thereby rendering

3    them subject to being hailed into court in Los Angeles County; and

4    c) All defendants have engaged in business activities in the State of California, County of Los

5    Angeles, as alleged herein, that render them subject to being hailed into court in Los Angeles

6    County.

7                                   **CLASS ALLEGATIONS**

8        19.      This class action is filed under the provisions of California Code of Civil Procedure

9    section 382, which provides that a class action may be brought when the question is one of common

10   interest to many persons, or when the number of persons is numerous and it is impracticable to bring

11   them all before the court.  This action is properly maintained as a class action for the reasons set

12   forth below.

13                                     **MEN'S CLASS**

14       20.      Plaintiff DAVID LONG, JR. is a proposed representative of the Men's Class, which

15   is an ascertainable class of California males who, on the basis of their gender, were made to pay

16   more than their female counterparts for admission or other services at the White Party and other

17   similar events hosted at the Playboy Mansion.

18       21.      The Men's Class for whose benefit this action is brought consists of all male

19   attendees of the White Party event and other similar events hosted at the Playboy Mansion, whose

20   claims, except as to amount of damages, are otherwise identical, and whose repetitive testimony at

21   trial would be impracticable, unnecessary, and an inefficient use of judicial resources.

22       22.      Specific to those putative class members who attended White Party, Plaintiff Long

23   witnessed dozens of male attendees, making this case suitable for class treatment.  The large list of

24   absent members of the Men's Class is within the exclusive possession and control of Defendants,

25   and is not now known to Plaintiff, although the list may be readily obtained using statutory

26   discovery procedures.

27       23.      There are questions of law and fact common to members of the Men's Class and

28   which predominate over questions involving individual members of this class.  The common

1    questions include:

2       a)  Whether Defendants' Gender-Based Pricing Promotion unlawfully discriminated against

3          members of the Men's Class on the basis of their gender;

4       b)  Whether Defendants' Gender-Based Pricing Promotion violated Civil Code section 51 by

5          unlawfully discriminating against members of the Men's Class on the basis of their gender;

6       c)  Whether Defendants' Gender-Based Pricing Promotion violated Civil Code section 51.5 by

7          unlawfully discriminating against members of the Men's Class on the basis of their gender;

8       d)  Whether Defendants' Gender-Based Pricing Promotion violated Civil Code section 51.6 by

9          unlawfully discriminating against members of the Men's Class on the basis of their gender;

10      e)  Whether Defendants' advertisements and promotion of the Gender-Based Pricing Promotion

11         constituted an unlawful contract as proscribed by Civil Code section 1770, subdivision

12         (a)(14) of the Consumer Legal Remedies Act because Defendants represented to the public

13         that females were entitled to rights prohibited, and therefore unavailable, under California

14         statutory law;

15      f)  Whether Defendants' advertisements and promotion of the Gender-Based Pricing Promotion

16         included unconscionable contractual provisions as proscribed by Civil Code section 1770,

17         subdivision (a)(19) of the Consumer Legal Remedies Act; and

18      g)  Whether, as a result of the above-referenced unlawful conduct, Defendant's Gender-Based

19         Pricing Promotion constituted an unlawful or unfair business practice under the Unfair

20         Competition Law as provided under Business and Professions Code section 17200 et seq.

21        24.     There is a well defined community of interest regarding the questions of law and fact

22   involved in the parties to be represented.  Plaintiff Long's claims are typical of the claims of the

23   absent members of the Men's Class.  The claims fairly encompass the claims of the absent members

24   of the Men's Class. Plaintiff Long and the absent members of the Men's Class are similarly situated

25   and identically harmed by the same course of unlawful conduct alleged herein.  A class action is

26   superior to other methods for the fair and efficient adjudication of this controversy.  Defendants'

27   practices are common to all members of the Men's Class and judicial economy is not served by

28   multiple actions with duplicative and repetitive testimony.

Complaint for Injunctive Relief and Damages

25.    Plaintiff Long is aware of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

26.    Plaintiff Long and his counsel will fairly and adequately protect the interests of the absent members of the Men's Class.  There are no material conflicts between Plaintiff Long's claims and those of the absent members of the Men's Class that would make class certification inappropriate.  Plaintiff has retained counsel who are competent and experienced in class action litigation who will vigorously assert class representative's claims and those of the absent members of the Men's Class.  Plaintiff's counsel further has substantial experience pursuing civil rights claims pursuant to the Unruh Civil Rights Act and the Gender Tax Repeal Act of 1995.

27.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs in prosecuting this action against Defendants pursuant to Civil Code section 52 and Code of Civil Procedure section 1021.5.

## FIRST CAUSE OF ACTION

### Discriminatory Business Practices in Violation of the Unruh Civil Rights Act

### (Civil Code § 51 et seq.)

### AGAINST ALL DEFENDANTS AND DOES 1-500

28.    Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

29.    By virtue of their conduct alleged herein, Defendants, and each of them, intentionally discriminated against DAVID LONG, JR. solely on the basis of his gender as proscribed by the Unruh Civil Rights Act, codified in Civil Code section 51 et seq.

30.    By their conduct, Defendants, and each of them, caused Plaintiff to sustain damages.

31.    Said discrimination renders Defendants, and each of them, liable to Plaintiff Long and the absent members of the Men's Class "for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorneys' fees that may be determined by the court in addition thereto…." (Civ. Code, § 52, subd. (a).)

8

32.     Said discrimination further renders Defendants, and each of them, subject to injunctive relief.

33.     Any remedy or relief awarded Plaintiff or the absent members of the Men's Class as a result of Defendants' liability for violations of the Unruh Civil Rights Act is "independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law." (Civ. Code, § 52, subd. (e).)

### SECOND CAUSE OF ACTION

**Discriminatory Business Practices in Violation of Civil Code section 51.5**

**AGAINST ALL DEFENDANTS AND DOES 1-500**

34.     Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

35.     By virtue of their conduct alleged herein, Defendants, and each of them, intentionally discriminated against Plaintiff DAVID LONG, JR., and each of the absent members of the men's class, on the basis of his gender as proscribed by Civil Code section 51.5.

36.     By their conduct, Defendants, and each of them, caused Plaintiff and the absent members of the Men's Class to sustain damages.

37.     Said discrimination renders Defendants, and each of them, liable to Plaintiff Long and the absent members of the Men's Class "for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto...." (Civ. Code, § 52, subd. (a).)

38.     Said discrimination further renders Defendants, and each of them, subject to injunctive relief.

39.     Any remedy or relief awarded Plaintiff or the absent members of the Men's Class as a result of Defendants' liability for violations of Civil Code section 51.5 is "independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law." (Civ. Code, § 52, subd. (e).)

9

### THIRD CAUSE OF ACTION

**Discriminatory Business Practices in Violation of the Gender Tax Repeal Act of 1995**

**(Civil Code § 51.6 et seq.)**

### AGAINST ALL DEFENDANTS AND DOES 1-500

40.    Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

41.    By virtue of their conduct alleged herein, Defendants, and each of them, intentionally discriminated against DAVID LONG, JR. solely on the basis of his gender as proscribed by the Gender Tax Repeal Act of 1995, Civil Code section 51.6 et seq.

42.    By their conduct, Defendants, and each of them, caused Plaintiff Long and the absent members of the Men's Class to sustain damages.

43.    Said discrimination renders Defendants, and each of them, liable to Plaintiff Long and the absent members of the Men's Class "for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorneys' fees that may be determined by the court in addition thereto...." (Civ. Code, § 52, subd. (a).)

44.    Said discrimination further renders Defendants, and each of them, subject to injunctive relief.

45.    Any remedy or relief awarded Plaintiff or the absent members of the Men's Class as a result of Defendants' liability for violations of the Gender Tax Repeal Act of 1995 is "independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law." (Civ. Code, § 52, subd. (e).)

### FOURTH CAUSE OF ACTION

**Unfair, Deceptive or Unlawful Business Practices in Violation of the Unfair Competition Law**

**(Bus. & Prof. Code, § 17200 et seq. – Unruh Civil Rights Act)**

### AGAINST ALL DEFENDANTS AND DOES 1-500

46.    Plaintiff incorporates into this cause of action the allegations contained in each and

10

1  every preceding paragraph of this complaint as if the same were set out at length herein.

2     47.    By virtue of their conduct alleged herein, Defendants, and each of them, engaged in

3  acts of unfair competition as defined in Business and Professions Code section 17200, as follows:

4     a) Each and every act of discrimination premised on the gender of Defendants' customers as set

5        forth herein, and therefore in violation of the Unruh Civil Rights Act (Civ. Code, § 51 et

6        seq.), was unfair or unlawful or both.

7     48.    Said violations render Defendants, and each of them, liable to Plaintiff Long

8  individually, to the absent members of the Men's Class and to the general public upon whose behalf

9  Plaintiff brings this action in a representative capacity for restitution or injunctive relief or both.

10  (Bus. & Prof. Code, § 17204.)

11     49.    Any remedy or relief awarded Plaintiff, the absent members of the Men's Class or

12  the general public as a result of defendants' liability for violations of the Unfair Competition Law is

13  "cumulative to each other and to the remedies or penalties available under all other laws of this

14  state." (Bus. & Prof. Code, § 17205.)

15                    **FIFTH CAUSE OF ACTION**

16  **Unfair, Deceptive or Unlawful Business Practices in Violation of the Unfair Competition Law**

17              **(Bus. & Prof. Code, § 17200 et seq. – Civil Code § 51.5)**

18                **AGAINST ALL DEFENDANTS AND DOES 1-500**

19     50.    Plaintiff incorporates into this cause of action the allegations contained in each and

20  every preceding paragraph of this complaint as if the same were set out at length herein.

21     51.    By virtue of their conduct alleged herein, Defendants, and each of them, engaged in

22  acts of unfair competition as defined in Business and Professions Code section 17200, as follows:

23     52.    Each and every act of discrimination premised on the gender of Defendants'

24  customers as set forth herein, and therefore in violation of Civil Code section 51.5, was unfair or

25  unlawful or both;

26     53.    Said violations render Defendants liable to Plaintiff Long individually, to the absent

27  members of the Men's Class and to the general public upon whose behalf plaintiff brings this action

28  in a representative capacity for restitution or injunctive relief or both.  (Bus. & Prof. Code, § 17204.)

Complaint for Injunctive Relief and Damages

54.     Any remedy or relief awarded Plaintiff, the absent members of the Men's Class or the general public as a result of Defendants' liability for violations of the Unfair Competition Law is "cumulative to each other and to the remedies or penalties available under all other laws of this state." (Bus. & Prof. Code, § 17205.)

### SIXTH CAUSE OF ACTION

**Unfair, Deceptive or Unlawful Business Practices in Violation of the Unfair Competition Law**

**(Bus. & Prof. Code, § 17200 et seq. – Gender Tax Repeal Act)**

**AGAINST ALL DEFENDANTS AND DOES 1-500**

55.     Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

56.     By virtue of their conduct alleged herein, Defendants, and each of them, engaged in acts of unfair competition as defined in Business and Professions Code section 17200, as follows:

a) Each and every act of discrimination premised on the gender of Defendants' patrons and potential patrons as set forth herein, and therefore in violation of the Gender Tax Repeal Act of 1995 (Civ. Code, § 51.6 et seq.), was unfair or unlawful or both.

57.     Said violations render Defendants, and each of them, liable to Plaintiff Long individually, to the absent members of the Men's Class and to the general public upon whose behalf Plaintiff brings this action in a representative capacity for restitution or injunctive relief or both. (Bus. & Prof. Code, § 17204.)

58.     Any remedy or relief awarded Plaintiff, the absent members of the Men's Class or the general public as a result of Defendants' liability for violations of the Unfair Competition Law is "cumulative to each other and to the remedies or penalties available under all other laws of this state." (Bus. & Prof. Code, § 17205.)

### SEVENTH CAUSE OF ACTION

**Unfair, Deceptive or Unlawful Business Practices in Violation of the Unfair Competition Law**

**(Bus. & Prof. Code, § 17200 et seq. – Unlawful Contract)**

**AGAINST ALL DEFENDANTS AND DOES 1-500**

59.     Plaintiff incorporates into this cause of action the allegations contained in each and

12

1   every preceding paragraph of this complaint as if the same were set out at length herein.

2        60.   Beginning on an exact date unknown, and for at least several weeks prior to October

3   4, 2008, Defendants, and each of them, engaged in acts of unfair competition as defined in Business

4   and Professions Code section 17200, as follows:

5     a) Defendants, and each of them, caused to be advertised a discriminatory gender-based pricing

6        promotion that is prohibited by law under the Unruh Civil Rights Act (Civ. Code, § 51 et

7        seq.), Civil Code section 51.5 and the Gender Tax Repeal Act of 1995 (Civ. Code, § 51.6 et

8        seq.).  By advertising that females could obtain a free or reduced admission tickets to White

9        Party, while males were required to pay for the same, or essentially the same, White Party

10       admission tickets, Defendants, and each of them, represented to the public that females were

11       entitled to rights prohibited by California statutory law pursuant to Civil Code section 1770,

12       subdivision (a)(14).

13       61.   Said violations render Defendants, and each of them, liable to Plaintiff Long

14  individually, to the absent members of the Men's Class and to the general public upon whose behalf

15  Plaintiff brings this action in a representative capacity for restitution or injunctive relief or both.

16  (Bus. & Prof. Code, § 17204.)

17       62.   Any remedy or relief awarded Plaintiff, the absent members of the Men's Class or

18  the general public as a result of Defendants' liability for violations of the Unfair Competition Law is

19  "cumulative to each other and to the remedies or penalties available under all other laws of this

20  state." (Bus. & Prof. Code, § 17205.)

21                 **EIGHTH CAUSE OF ACTION**

22  **Unfair, Deceptive or Unlawful Business Practices in Violation of the Unfair Competition Law**

23           **(Bus. & Prof. Code § 17200 et seq. – Unconscionable Contract)**

24            **AGAINST ALL DEFENDANTS AND DOES 1-500**

25       63.   Plaintiff incorporates into this cause of action the allegations contained in each and

26  every preceding paragraph of this complaint as if the same were set out at length herein.

27       64.   Beginning on an exact date unknown, and for at least several weeks prior to October

28  4, 2008, Defendants, and each of them, engaged in acts of unfair competition as defined in Business

13

and Professions Code section 17200, as follows:

a) Defendants', and each of their, gender-based pricing promotion was an actual or proposed contractual offer that, upon acceptance, constituted or would constitute executed contractual agreements between (a) Defendants and Plaintiff, and (b) each of Defendants' patrons and the general public, male and female alike. The inclusion of such discriminatory conditions in each of these actual or proposed contracts are unconscionable, and therefore unlawful, within the meaning of Civil Code section 1770, subdivision (a)(19), because (1) the contractual offers are prepared, authorized, endorsed or ratified by Defendants, and each of them, and offered to consumers who, upon consideration of the offers, are without any meaningful opportunity to negotiate or reject the terms thereof, thereby making the actual or proposed contracts those of adhesion; and (2) the unlawful, unfair and discriminatory nature of the actual or proposed contracts "shocks the conscience" of the objectively reasonable person in that they include terms that the California Legislature has established are *per se* injurious.

65. Said violations render Defendants, and each of them, liable to Plaintiff Long individually, to the absent members of the Men's Class and to the general public upon whose behalf Plaintiff bring this action in a representative capacity for restitution or injunctive relief or both. (Bus. & Prof. Code, § 17204.)

66. Any remedy or relief awarded Plaintiff, the absent members of the Men's Class or the general public as a result of Defendants' liability for violations of the Unfair Competition Law is "cumulative to each other and to the remedies or penalties available under all other laws of this state." (Bus. & Prof. Code, § 17205.)

## NINTH CAUSE OF ACTION

### Negligent Hire, Supervision and Retention

### AGAINST ALL DEFENDANTS AND DOES 1-500

67. Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

68. Defendants, and each of them, had a duty of care to avoid injury to Plaintiff Long, the absent members of the Men's Class and the general public.

14

Complaint for Injunctive Relief and Damages

69.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, selected, hired, retained and contracted with persons and/or entities, the identities of which are presently unknown but who unlawfully discriminated against Plaintiff Long, the absent members of the Men's Class and the general public as set forth above including, but not limited to, rejecting, via email, Plaintiff Long's request to be afforded the same White Party admission pricing as female attendees.

70.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, had the authority and duty to supervise, prohibit, control and/or regulate persons and/or entities, the identities of which are presently unknown, but who unlawfully discriminated against Plaintiff Long, the absent members of the Men's Class and the general public as set forth above.

71.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, knew or reasonably should have known that persons or entities, the identities of which are presently unknown but who unlawfully discriminated against Plaintiff Long, the absent members of the Men's Class and the general public as set forth above, would discriminate against Plaintiff.

72.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, breached their duty of care as set forth herein by engaging in one or more of the following acts:

a) Failing to use reasonable care in selecting, hiring, retaining or contracting with persons who engaged in discriminatory practices towards Plaintiff Long, the absent members of the Men's Class and the general public; and/or

b) Engaging in conduct that violated the statutes and/or other law set forth in causes of action one through eight as more fully set forth above.

73.    As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff Long, the absent members of the Men's Class and the general public have suffered, and continue to suffer, damages in amounts to be proven at trial.

///

///

15

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

**FOR THE FIRST CAUSE OF ACTION:**

1. Award Plaintiff and the absent members of the Men's Class actual damages according to proof or as otherwise required by statute;

2. Award Plaintiff and the absent members of the Men's Class statutorily mandated exemplary damages according to proof or as otherwise required by statute;

3. Permanently enjoin Defendants, and each of them, from engaging in discriminatory practices in violation of the Unruh Civil Rights Act, Civil Code section 51;

4. Award Plaintiff and the absent members of the Men's Class their attorneys' fees according to proof or as required and/or permitted by statute including, but not limited to, sections 52 of the Civil Code and 1021.5 of the Code of Civil Procedure;

5. Award Plaintiff and the absent members of the Men's Class their costs; and

6. Grant such other and further relief as the Court deems just and proper, including without limitation, the complete disgorgement of all ill-gotten gains according to proof or as otherwise required by statute.

**FOR THE SECOND CAUSE OF ACTION:**

1. Award Plaintiff and the absent members of the Men's Class actual damages according to proof or as otherwise required by statute;

2. Award Plaintiff and the absent members of the Men's Class statutorily mandated exemplary damages according to proof or as otherwise required by statute;

3. Permanently enjoin Defendants, and each of them, from engaging in discriminatory practices in violation of Civil Code section 51.5;

4. Award Plaintiff and the absent members of the Men's Class their attorneys' fees according to proof or as required and/or permitted by statute including, but not limited to, sections 52 of the Civil Code and 1021.5 of the Code of Civil Procedure;

5. Award Plaintiff and the absent members of the Men's Class their costs; and

6. Grant such other and further relief as the Court deems just and proper, including without

16

Complaint for Injunctive Relief and Damages

1   limitation, the complete disgorgement of all ill-gotten gains according to proof or as

2   otherwise required by statute.

3   **FOR THE THIRD CAUSE OF ACTION:**

4   1. Award Plaintiff and the absent members of the Men's Class actual damages according to

5   proof or as otherwise required by statute;

6   2. Award Plaintiff and the absent members of the Men's Class statutorily mandated exemplary

7   damages according to proof or as otherwise required by statute;

8   3. Permanently and/or temporarily enjoin Defendants, and each of them, from engaging in

9   discriminatory practices in violation of the Gender Tax Repeal Act of 1995, Civil Code

10   section 51.6;

11   4. Award Plaintiff and the absent members of the Men's Class their attorneys' fees according to

12   proof or as required and/or permitted by statute including, but not limited to, sections 52 of

13   the Civil Code and 1021.5 of the Code of Civil Procedure;

14   5. Award Plaintiff and the absent members of the Men's Class their costs; and

15   6. Grant such other and further relief as the Court deems just and proper, including without

16   limitation, the complete disgorgement of all ill-gotten gains according to proof or as

17   otherwise required by statute.

18   **FOR THE THIRD, FOURTH, FIFTH, SIXTH, SEVENTH AND EIGTH CAUSES OF**

19   **ACTION:**

20   1. Award Plaintiff, the absent members of the Men's Class and the general public restitution

21   and/or disgorgement of defendants', and each of their, ill-gotten gains according to proof or

22   as required by statute;

23   2. Award Plaintiff, the absent members of the Men's Class and the general public their

24   attorneys' fees according to proof or as required and/or permitted by statute including, but

25   not limited to, section 1021.5 of the Code of Civil Procedure;

26   3. Award Plaintiff, the absent members of the Men's Class and the general public their costs;

27   4. Permanently and/or temporarily enjoin Defendants, and each of them, from engaging in

28   discriminatory, unfair or unlawful business practices as proscribed and/or defined by the

17

Complaint for Injunctive Relief and Damages

1    Unruh Civil Rights Act (Civ. Code, § 51 et seq.), Civil Code section 51.5, the Gender Tax

2    Repeal Act of 1995 (Civ. Code, § 51.6 et seq.) and the Unfair Competition Law (Bus. &

3    Prof. Code, § 17200 et seq.); and

4    5. Grant such other and further relief as the Court deems just and proper.

5    **FOR THE NINTH CAUSE OF ACTION:**

6    1. Award Plaintiff and the absent members of the Men's Class damages according to proof;

7    2. Award Plaintiff and the absent members of the Men's Class their attorneys' fees according to

8       proof or as required and/or permitted by statute including, but not limited to, section 1021.5

9       of the Code of Civil Procedure;

10   3. Award Plaintiff and the absent members of the Men's Class their costs; and

11   4. Grant such other and further relief as the Court deems just and proper.

12   **JURY TRIAL DEMANDED:**

13      Plaintiff requests a jury trial in this matter and agrees to pay all fees and costs associated

14   therewith which are chargeable to him at the appropriate time.

15                                    Respectfully submitted,

16   Dated: 1/27/11

17                              **FULLER JENKINS**

18

19                     By:     **ERIK C. JENKINS, ESQ.**

20                             Attorneys for Plaintiff

21

22

23

24

25

26

27

28

18

Complaint for Injunctive Relief and Damages

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Erik C. Jenkins (Bar No. 188264)
FULLER JENKINS
11975 El Camino Real, Suite 200
San Diego, CA 92130

TELEPHONE NO.: 858-450-4050   FAX NO.: 858-450-4051
ATTORNEY FOR (Name): DAVID LONG, JR.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES
BRANCH NAME: STANLEY MOSK COURTHOUSE

**FILED**
Los Angeles Superior Court

JAN 31 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

CASE NAME:  LONG JR. V. PLAYBOY ENTERPRISES AND DOES 1 THROUGH 500

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 454001 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 9
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/27/11

Erik C. Jenkins (Bar No. 188264)
(TYPE OR PRINT NAME)     ▶     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice— Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ—Administrative Mandamus
   Writ—Mandamus on Limited Court Case Matter
   Writ—Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| LONG, JR. V. PLAYBOY ENTERPRISES | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| LONG, JR. V. PLAYBOY ENTERPRISES | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| LONG, JR. V. PLAYBOY ENTERPRISES | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: LONG, JR. V. PLAYBOY ENTERPRISES | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE <br><br> ☑1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☑9. ☐10. | ADDRESS: 2706 Media Center Drive Los Angeles, California 90065 |
|---|---|
| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 92012 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the COUNTY_____ courthouse in the CENTRAL_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 1/26/2011_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Erik C. Jenkins (Bar No. 188264)<br>FULLER JENKINS<br>11975 El Camino Real, Suite 200<br>San Diego, CA 92130 | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>FEB 25 2011 |

TELEPHONE NO.: 858-450-4050     FAX NO. (Optional): 858-450-4051

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): DAVID LONG, JR.

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

KEITH FLETH-SLAYTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: DAVID LONG, JR.

DEFENDANT/RESPONDENT: PLAYBOY ENTERPRISES, INC. AND DOES 1 THROUGH 500

CASE NUMBER: BC 454001

JUDICIAL OFFICER:

DEPT.:

| AMENDED     NOTICE OF RELATED CASE |
|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a. Title: LONG JR., V. CAFE SEVILLA

    b. Case number:  37-2008-00082140-CU-CR-CTL

    c. Court:  ☐ same as above
       ☒ other state or federal court *(name and address):* SAN DIEGO CENTRAL DISTRICT
       330 WEST BROADWAY  SAN DIEGO, CA 92101

    d. Department:  C-60

    e. Case type:  ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

    f. Filing date:  JANUARY 5, 2009

    g. Has this case been designated or determined as "complex?"  ☐ Yes  ☒ No

    h. Relationship of this case to the case referenced above *(check all that apply):*
       ☒ involves the same parties and is based on the same or similar claims.
       ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       ☐ involves claims against, title to, possession of, or damages to the same property.
       ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
       ☐ Additional explanation is attached in attachment 1h

    i. Status of case:
       ☐ pending
       ☐ dismissed  ☐ with  ☐ without prejudice
       ☒ disposed of by judgment

2.  a. Title:

    b. Case number:

    c. Court:  ☐ same as above
       ☐ other state or federal court *(name and address):*

    d. Department:

CM-015

| PLAINTIFF/PETITIONER: DAVID LONG, JR. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PLAYBOY ENTERPRISES, INC. AND DOES 1 THROUGH 500 | BC 454001 |

**2.** *(continued)*

e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify)*:

f. Filing date:

g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   ☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed   ☐ with   ☐ without prejudice

☐ disposed of by judgment

**3.** a. Title:

b. Case number:

c. Court:   ☐ same as above

   ☐ other state or federal court *(name and address)*:

d. Department:

e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify)*:

f. Filing date:

g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   ☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed   ☐ with   ☐ without prejudice

☐ disposed of by judgment

**4.** ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 02/24/11

ERIK C. JENKINS, ESQ
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]   **NOTICE OF RELATED CASE**   Page 2 of 3

# EXHIBIT B



ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
FULLER JENKINS
ERIK C. JENKINS, ESQ. - SBN # 188264
11975 EL CAMINO REAL, SUITE 200,
SAN DIEGO, CA  92130
TELEPHONE NO.*(Optional)*  (858) 450-4050  FAX NO.*(Optional)*(858) 450-4051
EMAIL ADDRESS*(Optional)*:
ATTORNEY FOR*(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF:LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME:

**FOR COURT USE ONLY**

# FILED
LOS ANGELES SUPERIOR COURT

**FEB 18 2011**

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

PLAINTIFF/PETITIONER:   LONG

DEFENDANT/RESPONDENT:   PLAYBOY ENTERPRISES

CASE NUMBER:
BC454001
0.24

**PROOF OF SERVICE OF SUMMONS**

Ref No. or File No.
00S68242-01/

*(Separate proof of service is required for each party served)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2.   I served copies of the summons and
   e. other *(specifiy documents):*
   NOTICE OF RELATED CASE; SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET;
   CIVIL CASE COVER SHEET ADDENDUM; NOTICE OF CASE ASSIGNMENT; ALTERNATIVE
   DISPUTE RESOLUTION PACKET;

3. a. Party Served: *(specify name of party as shown on the documents served):*
         PLAYBOY ENTERPRISES INTERNATIONAL, INC.

   b. Person Served: other *(specify name and relationship to party named in item 3a):*other *(specify name and relationsh*
         MARGARET WILSON,PERSON AUTHORIZED TO ACCEPT

4. Address where the party was served:          818 W. 7TH STREET
                                                LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date):February 10, 2011 (2) at (time): 03:00 pm

**PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure, § 417.10

63.95

| PETITIONER: LONG | CASE NUMBER: |
|---|---|
| RESPONDENT: PLAYBOY ENTERPRISES | BC454001 |

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of *(specify):*
     PLAYBOY ENTERPRISES INTERNATIONAL, INC.
      [XX] 416.10 (corporation)

7. **Person who served papers**
   a. Name: VICTOR ENRIQUE MENDEZ
   b. Address: 3500 5th. AVE. SUITE 202, SAN DIEGO, CA 92103
   c. Telephone: (619) 299-2012
   d. *The fee* for service was: $ 63.95
   e. I am: (3) a registered California process server
       (i) INDEPENDENT CONTRACTOR
       (ii) Registration No.: 3428
       (iii) County : LOS ANGELES

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:     February 11, 2011

VICTOR ENRIQUE MENDEZ

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)          (SIGNATURE)

Page 2 of 2

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/08/11 | | DEPT. 324 |
|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC454001 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | DAVID LONG JR VS PLAYBOY ENTERPRISES INTERNATION INC | Defendant Counsel | |
| | NON-COMPLEX 2-8-11 | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Robert L. Hess in Department 24 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 24 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

                CLERK'S CERTIFICATE OF MAILING/
                   NOTICE OF ENTRY OF ORDER

MINUTES ENTERED
02/08/11
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/08/11 | | **DEPT.** 324 |
|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC454001 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | DAVID LONG JR VS PLAYBOY ENTERPRISES INTERNATION INC | Defendant Counsel | |
| | NON-COMPLEX 2-8-11 | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 02-08-11 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 02-08-11

John A. Clarke, Executive Officer/Clerk

By: _____
          TANAYA LEWIS


FULLER JENKINS
Craig D. Fuller, Esq.
11975 El Camino Real, Suite 200
San Diego, CA. 92130

MINUTES ENTERED
02/08/11
COUNTY CLERK

1  Craig D. Fuller (Bar No. 158482)
   Erik C. Jenkins (Bar No. 188264)
2  **FULLER JENKINS**
3  11975 El Camino Real, Suite 200
   San Diego, California 92130
4  Telephone: (858) 450-4050
   Fax: (858) 450-4051
5
6  Attorneys for Plaintiffs
7
8

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 15 2011

John A. Cla____ ____ ____ ____ Officer/Clerk
By_____, Deputy
    GLORIETTA ROBINSON

9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10       **COUNTY OF LOS ANGELES, CENTRAL DIVISION**

11
   **DAVID LONG, JR., AN INDIVIDUAL**          Case No. BC454001
12 **SUING ON BEHALF OF HIMSELF, ALL**
   **THOSE SIMILARLY SITUATED AND THE**
13 **GENERAL PUBLIC,**
14                                             **PROOF OF SERVICE**
                    **PLAINTIFF,**
15
16 VS.
17 **PLAYBOY ENTERPRISES INTERNATIONAL,**
   **INC., AND DOES 1 THROUGH 500,**
18
19                  **DEFENDANTS.**
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28

1.

**PROOF OF SERVICE**

I, Kerry J. Duplaisir, declare that I am over the age of 18 years and not a party to the above-captioned action. I am employed in the County of San Diego, State of California, and my business address is 11975 El Camino Real, Suite 200, San Diego, CA 92130.

On February 11, 2011, I served the following document(s):

1. Court Order, dated February 8, 2011;

2. Clerk's Certificate of Mailing/Notice of Entry of Order, dated February 8, 2011; and

3. Proof of Service.

**[X]   VIA U.S. MAIL**

I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices. I declare that I am familiar with the business practice for the collection and processing of correspondence for mailing within the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

**[ ]   VIA OVERNIGHT DELIVERY**

I deposited the above document(s) at a San Diego, California
[ ]   United States Parcel Service Depository
[ ]   Federal Express Depository
[ ]   Airborne Express Depository
to the person served as follows.
(See service list.)

**[ ]   VIA PERSONAL SERVICE**

I personally delivered the document(s) listed herein to the person served at the following address as follows:

**[ ]   VIA FACSIMILE**

I transmitted the above document(s) via facsimile machine at San Diego, California, to the person served as follows. (See service list.)

**[ ]   VIA ELECTRONIC MAIL**

I personally transmitted the document(s) listed herein to the parties indicated in the Person(s) Served section of this proof of service via electronic mail (e-mail) at the following e-mail addresses:

2

PROOF OF SERVICE

<u>Person(s) Served</u>

By US Mail:

Playboy Enterprises International, Inc.
C/o C T Corporation System
818 W. 7th Street
Los Angeles, CA  90017

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: February 11, 2011

By: _____
    Kerry J. Duplaisir

3

PROOF OF SERVICE

# EXHIBIT D

 CT Corporation

**Service of Process
Transmittal**
02/25/2011
CT Log Number 518101470

TO: Howard Shapiro, General Counsel
Playboy Enterprises International, Inc.
680 North Lake Shore Drive, 15th Floor
Chicago, IL 60611·

RE: **Process Served in California**

FOR: PLAYBOY ENTERPRISES INTERNATIONAL, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David Long, Jr., an individual suing on behalf of himself, all those similarly situated and the general public, Pltf. vs. Playboy Enterprises International, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Amended Notice, Cover Sheet, Cover Sheet Addendum and Statement, First Amended Complaint, Exhibit |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA<br>Case # BC454001 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of gender |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/25/2011 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Erik C. Jenkins<br>Fuller Jenkins<br>11975 El Camino Real<br>Suite 200<br>San Diego, CA 92130<br>858 450 4050 |
| **REMARKS:** | Please note that page 2 of cover sheet was not received with documents at time of service. |
| **ACTION ITEMS:** | Telephone, Howard Shapiro , 312-373-2300<br>*Spoke with Playboy Enterprises on 2/28/2011 at 8:56 a.m.*<br>SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 796810314573<br>Image SOP<br>Email Notification, Howard Shapiro HOWARDS@PLAYBOY.COM<br>Email Notification, Julie Joly jjoly@playboy.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  2 / AG

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

 CT Corporation

**Service of Process Transmittal**
02/25/2011
CT Log Number 518101470

TO:     Howard Shapiro, General Counsel
        Playboy Enterprises International, Inc.
        680 North Lake Shore Drive, 15th Floor
        Chicago, IL 60611-

RE:     **Process Served in California**

FOR:    PLAYBOY ENTERPRISES INTERNATIONAL, INC. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Order, Attachment(s), Proof of Service Form | By Regular Mail on 02/21/2011 postmarked on 02/11/2011 | Howard Shapiro, General Counsel Playboy Enterprises International, Inc. | 518050556 |
| Summons, Complaint, Cover Sheet, Instructions, Cover Sheet Addendum and Statement, Notice(s), Attachment(s) | By Process Server on 02/10/2011 at 15:00 | Howard Shapiro, General Counsel Playboy Enterprises International, Inc. | 518022858 |

Page 2 of  2 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RECEIVED 02/25/2011 12:05  1-213-620-1596  DDS LA  2-25-11

FROM Advanced Attorney Services  (FRI)FEB 25 2011 11:10/ST.11:05/No. 9300724092 P 2

**AMENDED SUMMONS** *in First Amended.*
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** PLAYBOY ENTERPRISES INTERNATIONAL,
*(AVISO AL DEMANDADO):* INC. AND DOES 1 THROUGH 500.

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**FEB 24 2011**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUGENA LOPEZ

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID LONG, JR. *an individual*
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Suing on behalf of himself, all those similarly situated and the general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| 111 NORTH HILL STREET | BC 454001 |
| LOS ANGELES, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erik C. Jenkins (Bar No. 188264)     858-450-4050
FULLER JENKINS
11975 El Camino Real, Suite 200
San Diego, CA 92130

DATE:                                              Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): PLAYBOY ENTERPRISES INTERNATIONAL, INC.

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

RECEIVED  02/25/2011 12:05   1-213-620-1596      DDS LA
FROM Advanced Attorney Services        (FRI)FEB 25 2011 11:11/6T. 11:05/No. 0300724082 P  9

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Erik C. Jenkins (Bar No. 188264)<br>FULLER JENKINS<br>11975 El Camino Real, Suite 200<br>San Diego, CA 92130<br><br>TELEPHONE NO.: 858-450-4050   FAX NO. (Optional): 858-450-4051<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): DAVID LONG, JR. | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>FEB 25 2011<br><br>John A Clarke Executive Officer/Clerk<br>By_____, Deputy<br>KEN LOFLEIN-SLAYTON |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL STREET<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: LOS ANGELES<br>BRANCH NAME: STANLEY MOSK COURTHOUSE | |
| PLAINTIFF/PETITIONER: DAVID LONG, JR. | CASE NUMBER:<br>BC 454001 |
| DEFENDANT/RESPONDENT: PLAYBOY ENTERPRISES, INC. AND DOES 1<br>THROUGH 500 | JUDICIAL OFFICER: |
| **AMENDED    NOTICE OF RELATED CASE** | DEPT.: |

Identify, in chronological order according to date of filing, all cases related to the case referenced above.

1. a. Title: LONG JR., V. CAFE SEVILLA
   b. Case number: 37-2008-00082140-CU-CR-CTL
   c. Court: ☐ same as above
      ☒ other state or federal court (name and address): SAN DIEGO CENTRAL DISTRICT
      330 WEST BROADWAY  SAN DIEGO, CA 92101
   d. Department: C-60
   e. Case type: ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other (specify):
   f. Filing date: JANUARY 5, 2009
   g. Has this case been designated or determined as "complex?"  ☐ Yes  ☒ No
   h. Relationship of this case to the case referenced above (check all that apply):
      ☒ involves the same parties and is based on the same or similar claims.
      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of
        the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
        ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☐ pending
      ☐ dismissed   ☐ with   ☐ without prejudice
      ☒ disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: ☐ same as above
      ☐ other state or federal court (name and address):
   d. Department:

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rule 3.300 |

RECEIVED  02/25/2011 12:05   1-213-620-1596      DDS LA
FROM Advanced Attorney Services      (FRI)FEB 25 2011 11:11/ST. 11:05/No. 8300724392 P   4

CM-015

| PLAINTIFF/PETITIONER:  DAVID LONG, JR. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  PLAYBOY ENTERPRISES, INC. AND DOES -1 THROUGH 500 | BC 454001 |

**2. (continued)**

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (specify):

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above (check all that apply):

☐ Involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ Involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

**3.** a. Title:

b. Case number:

c. Court: ☐ same as above

☐ other state or federal court (name and address):

d. Department:

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (specify):

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ . Yes ☐ No

h. Relationship of this case to the case referenced above (check all that apply):

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

**4.** ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 02/24/11

ERIK C. JENKINS, ESQ
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY)

RECEIVED  02/25/2011 12:05  1-213-620-1596       DDS LA
FROM Advanced Attorney Services     (FRI)FEB 25 2011 11:11/ST. 11:05/No. 0000724982 P  5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Erik C. Jenkins (Bar No. 188264)<br>FULLER JENKINS<br>11975 El Camino Real, Suite 200<br>San Diego, CA 92130 | **CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court**<br><br>FEB 25 2011<br><br>John A Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>KEI LEFLEUR-CLAYTON |

TELEPHONE NO.: 858-450-4050     FAX NO.: 858-450-4051
ATTORNEY FOR (Name): DAVID LONG, JR.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:  LONG JR. V. PLAYBOY ENTERPRISES AND DOES 1 THROUGH 500

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 454001 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount       (Amount<br>demanded       demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [X] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [X] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

**4.** Number of causes of action (specify): 9

**5.** This case [X] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:  02/24/11

Erik C. Jenkins (Bar No. 188264)
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**   *Legal<br>Solutions<br>Plus*

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

RECEIVED  02/25/2011 12:05   1-213-620-1596   DDS LA
FROM Advanced Attorney Services   (FRI)FEB 25 2011 11:11/ST. 11:05/No. 0300724002 P  0

| SHORT TITLE: LONG, JR. V. PLAYBOY ENTERPRISES | CASE NUMBER BC 454001 |
|---|---|

## AMENDED  CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL  10 [ ] HOURS/ [X] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1:  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2:  Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3:  In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4:  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | | 1., 2., 4. |
| Asbestos (04) | [ ] A6070  Asbestos Property Damage | | 2 |
|  | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | | 2 |
| Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | | 1., 2., 4. |
|  | [ ] A7240  Other Professional Health Care Malpractice | | 1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | | 1., 2., 4. |
|  | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | | 1., 2., 4. |
|  | [ ] A7270  Intentional Infliction of Emotional Distress | | 1., 2., 3. |
|  | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | | 1., 2., 3. |
| Civil Rights (08) | [X] A6005  Civil Rights/Discrimination | | ①, 2., ③ |
| Defamation (13) | [ ] A6010  Defamation (slander/libel) | | 1., 2., 3. |
| Fraud (16) | [ ] A6013  Fraud (no contract) | | 1., 2., 3. |

LACIV 109 (Rev. 01/07)   **AMENDED  CIVIL CASE COVER SHEET ADDENDUM**   LASC, Rule 2.0
LASC Approved 03-04   **AND STATEMENT OF LOCATION**   Page 1 of 4

RECEIVED  02/25/2011 12:05   1-213-620-1596   DDS LA
FROM Advanced Attorney Services   (FRI)FEB 25 2011 11:12/ST. 11:05/No. 9300724992 P  7

| SHORT TITLE: LONG, JR. V. PLAYBOY ENTERPRISES | | CASE NUMBER<br>BC 454001 |
|---|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful<br>eviction) | 2., 6. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer -<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

RECEIVED  02/25/2011 12:05   1-213-620-1596      DDS LA
FROM Advanced Attorney Services        (FRI)FEB 25 2011 11:12/ST.11:05/No.0300724992 P  8

| SHORT TITLE: LONG, JR. V. PLAYBOY ENTERPRISES | CASE NUMBER BC 454001 | |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2, 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1, 2, 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8. |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 8.<br>2, 8.<br>2, 8.<br>2, 8.<br>2, 8.<br>2, 8, 9. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8.<br>2, 8.<br>1, 2, 8.<br>1, 2, 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9.<br>2, 3, 9.<br>2, 3, 9.<br>2<br>2, 7.<br>2, 3, 4, 8.<br>2, 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

RECEIVED  02/25/2011 12:05   1-213-620-1596      DDS LA
FROM Advanced Attorney Services          (FRI)FEB 25 2011 11:12/ST.11:05/No.9300724092 P  9

| SHORT TITLE: LONG, JR. V. PLAYBOY ENTERPRISES | CASE NUMBER BC 454001 |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 10236 CHARING CROSS ROAD |
|---|---|
| [X]1. ☐2. ☐3.   ☐4.   ☐5.   ☐6.   ☐7.   ☐8.   ☐9.   ☐10. | |
| CITY: BEVERLY HILLS | STATE: CA | ZIP CODE: 90024 | |

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the COUNTY courthouse in the CENTRAL                District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 02/24/11

ERIK C. JENKINS
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

RECEIVED  02/25/2011 12:05 .  1-213-620-1596       DDS LA
FROM Advanced Attorney Services       (FRI)FEB 25 2011 11:10/ST. 11:05/No. 6300724002 P 10

1   Craig D. Fuller (Bar No. 158482)
2   Erik C. Jenkins (Bar No. 188264)
    **FULLER JENKINS**
3   11975 El Camino Real, Suite 200
    San Diego, CA  92130
4   Telephone: (858) 450-4050
    Fax: (858) 450-4051
5

6   Attorneys for Plaintiff

7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**FEB 24 2011**

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **COUNTY OF LOS ANGELES, CENTRAL DIVISION**       **BY FAX**

10  DAVID LONG, JR., an individual suing on        **Case No. BC 454001**
11  behalf of himself, all those similarly situated
    and the general public,                        **CLASS AND REPRESENTATIVE ACTION**
12
13                        Plaintiff,               **FIRST AMENDED COMPLAINT FOR
                                                   INJUNCTIVE RELIEF AND DAMAGES RE:**
14                        v.
                                                   1.  Violation of the Unruh Civil Rights Act;
15  PLAYBOY ENTERPRISES                            2.  Violation of Civil Code § 51.5;
16  INTERNATIONAL, INC. and DOES 1                 3.  Violation of the Gender Tax Repeal Act of
    through 500.                                        1995;
17                                                 4.  Unfair, Deceptive or Unlawful Business
                          Defendants.                  Practices – Unruh Act Violations;
18                                                 5.  Unfair, Deceptive or Unlawful Business
19                                                     Practices – Civil Code § 51.5 Violations;
20                                                 6.  Unfair, Deceptive and Unlawful Business
                                                       Practices – Gender Tax Repeal Act
21                                                     Violations.
22                                                     **UNLIMITED JURISDICTION**
23
24
25
26
27  ////
28  ////

1

Complaint for Injunctive Relief and Damages

RECEIVED  02/25/2011 12:05   1-213-620-1596        DDS LA
FROM Advanced Attorney Services        (FRI)FEB 25 2011 11:13/ST. 11:05/No. 8300724302 P 11

1      Plaintiff DAVID LONG, JR., individually and on behalf of the classes described herein and

2  on behalf of the general public, complains with regard to defendants PLAYBOY ENTERPRISES

3  INTERNATIONAL, INC., and DOES 1 through 500, and each of them, as follows:

**NATURE AND BASIS OF ACTION**

4

5      1.    Arbitrary discrimination premised on suspect classifications is abhorrent to a free

6  and open society.   In recognition of this, the California Legislature has enacted numerous laws to

7  ensure that all persons in California are treated with respect and dignity irrespective of such

8  immutable characteristics as gender, color, culture or ancestry.  The primary anti-discrimination law

9  in California is the Unruh Civil Rights Act, codified in Civil Code section 51 et seq.  Under the Act,

10  businesses are prohibited from discriminating in housing and public accommodations on the basis of

11  sex, race, color, religion, ancestry, national origin, disability or medical condition.

12      2.    Similarly, the Gender Tax Repeal Act of 1995, codified in Civil Code section 51.6 et

13  seq., prohibits businesses from employing discriminatory differential pricing with regard to services

14  on the basis of gender.  This Act reinforces the statewide policy of non-discrimination articulated

15  under the Unruh Civil Rights Act, but is confined to acts of discrimination premised on gender

16  exclusively.

17      3.    The scope of the Unruh Civil Rights Act and the Gender Tax Repeal Act is broad,

18  and the Legislature has imposed a remedial scheme pursuant to which violators are dealt with

19  severely.  Penalties include the assessment of mandatory-minimum statutory damages and the award

20  of attorneys' fees.  Moreover, each and every discriminatory offense constitutes a violation of both

21  Acts and may further form the basis for an independent cause of action for, among other things,

22  unlawful or unfair business practices under the Unfair Competition Law codified at Business &

23  Professions Code section 17200 et seq.  Parties liable under either the Unruh Civil Rights Act or the

24  Gender Tax Repeal Act include not only the principal party involved in the discrimination, but those

25  who aide or incite the discriminatory practices as well.

26      4.    This class action arises as a result of Defendants' intentional acts of discrimination

27  against men who were denied equal pricing for the purchase of an admission ticket for events held at

28  the Playboy Mansion, a property owned by PLAYBOY ENTERPRISES INTERNATIONAL, INC.

2

Complaint for Injunctive Relief and Damages

RECEIVED  02/25/2011 12:05   1-213-520-1596        DDS LA
FROM Advanced Attorney Services        (FRI)FEB 25 2011 11:10/ST. 11:05/No. 8300724382 P 12

1   and known around the world as the symbol of Playboy, as famous as the Playboy bunny.  The

2   Playboy Mansion has been used consistently for events which were marketed to the general public in

3   California.  Consistently, these events were priced with men paying a greater ticket price than

4   women.  In particular, Plaintiff DAVID LONG, JR. attended an event known as the third annual

5   "White Party at the Playboy Mansion," which occurred on or about May 23, 2009 (hereinafter

6   alternatively referred to as "White Party" or the "Gender-Based Pricing Promotion") and which

7   Gender-Based Pricing Promotion was widely advertised over the internet and other media at least

8   several months prior to the White Party event.  **During the Gender-Based Pricing Promotion,**

9   **female customers were offered a free or reduced price admission as long as they abided by the**

10  **terms and conditions of the promotion.[1]  The Men's Class, more specifically identified below,**

11  **were required to pay at least $625 to attend the White Party event.**  This pricing is detailed on

12  the "purchase" page of the White Party website, a true and correct printout of which is attached

13  hereto as Exhibit "1".

14        5.        With regard to the male customer-attendees of White Party, the effect of this

15  unlawful conduct of advertising and conducting a Gender-Based Pricing Promotion, has been to

16  deny Plaintiff, the putative class members and the general public, equal treatment under the law by

17  requiring them to expend thousands of dollars more for the same, or essentially the same, services,

18  entertainment and products offered to the female attendees of White Party, thereby promoting

19  harmful negative stereotypes contrary to California public policy as articulated by the California

20  Supreme Court in *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 37 and its progeny; and further

21  articulated by the California Legislature in the legislative history of Civil Code sections 51, 51.5 and

22  51.6.

23        6.        This unlawful conduct has additionally allowed Defendants to gain an unfair

24  advantage over its similarly-situated competitors who have lost business and goodwill to Defendants

25  as a direct consequence of this Gender-Based Pricing Promotion.  Defendants' sharp pricing

26  practices have therefore substantially harmed competition in the relevant industry.

27  ────────────────────────

28  [1] Promoters issued complimentary tickets to "gorgeous ladies only" via various online promotions and advertisements.
    Other, presumably less attractive women were charged $350.00.

3

Complaint for Injunctive Relief and Damages

RECEIVED 02/25/2011 12:05   1-213-620-1596   DDS LA
FROM Advanced Attorney Services   (FRI)FEB 25 2011 11:10/ST. 11:05/No. 8300724392 P 10

7.       These claims are prosecuted by a single class, the "Men's Class." This class is comprised of California males who were denied equal pricing for the Gender-Based Pricing Promotion whether to the White Party or any other similar event hosted at the Playboy Mansion. By this action, brought pursuant to the theories and principles asserted herein, Plaintiff seeks redress for these wrongs on behalf of himself, all others similarly situated and on behalf of the general public.

## PARTIES

8.       Plaintiff DAVID LONG, JR. is a male California resident over the age of 21, who was denied equal pricing for the above-referenced Gender-Based Pricing Promotion and, as a result, paid more to attend the White Party then the event's female attendees.

9.       Plaintiff Long is suing in his individual capacity, on behalf of the general public and is a member and proposed Class Representative of the Men's Class.

10.       At all relevant times alleged herein, defendant PLAYBOY ENTERPRISES INTERNATIONAL, INC. was a Delaware corporation doing business in California pursuant to a certificate of qualification issued it by the Secretary of State as provided by Corporations Code section 100 et seq.

11.       Does 1 through 500, inclusive, are sued herein under fictitious names. Their true names and capacities, whether individual, corporate or otherwise, are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by those Defendants. Each reference in this complaint to "Defendant," "Defendants" or the specifically named Defendant refers also to all Defendants sued under fictitious names.

12.       Defendants, and each of them, either participated directly in the gender-based pricing promotion described herein or aided and incited discriminatory practices in violation of Civil Code section 52 (a) and other code sections cited herein by assisting in the promotion of the gender-based pricing promotion and/or sponsoring the gender-based pricing promotion through activities including advertising.

4

Complaint for Injunctive Relief and Damages

RECEIVED  02/25/2011 12:05   1-213-620-1596         DDS LA
FROM Advanced Attorney Services          (FRI)FEB 25 2011 11:10/ST. 11:05/No. 9300724082 P 14

13.     Unless otherwise alleged, whenever reference is made in this complaint to any act of "Defendant," "Defendants" or the specifically named Defendant, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

14.     Unless otherwise alleged, whenever reference is made in this complaint to any act or omission of any corporate or business Defendant, such allegation shall mean that such corporation or other business Defendant did the acts or omissions alleged in this complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or apparent scope of their authority.

15.     At all relevant times alleged herein, each of the Defendants has acted as an agent, representative, or employee of each of the other Defendants and has acted within the course and scope of said agency or representation.

### JURISDICTION AND VENUE

16.     This Court has jurisdiction to preside over this matter pursuant to Article VI, section 10 of the California Constitution because this action is a cause not given by statute to other trial courts.  Jurisdiction is further premised on, *inter alia*, the California Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.), the Unruh Civil Rights Act (Civ. Code, § 51 et seq.), the Gender Tax Repeal Act of 1995 (Civ. Code, § 51.6), Civil Code section 51.5 and Code of Civil Procedure section 382.

17.     This Court has jurisdiction over the Defendants in this action in that all Defendants are qualified with the California Secretary of State to do business in the State of California; or because they do sufficient business in California; or because they otherwise have sufficient minimum contacts in California to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

18.     Plaintiff is informed and believes, and on that basis alleges, that venue is proper in this particular Court because:

a) **Plaintiff was denied equal pricing for Defendants' Gender-Based Pricing Promotion while he was located in Los Angeles County, California; and**

b) Upon information and belief, defendant PLAYBOY ENTERPRISES INTERNATIONAL,

5

Complaint for Injunctive Relief and Damages

RECEIVED   02/25/2011 12:05    1-213-620-1596         DDS LA
FROM Advanced Attorney Services          (FRI)FEB 25 2011 11:14/ST. 11:05/No. 8300724382 P 15

1    INC's foreign registration, filings and/or other relevant documents files with the California

2    Secretary of State list a physical address in Los Angeles County, California thereby rendering

3    them subject to being hailed into court in Los Angeles County; and

4    c) All defendants have engaged in business activities in the State of California, County of Los

5    Angeles, as alleged herein, that render them subject to being hailed into court in Los Angeles

6    County.

7                                    **CLASS ALLEGATIONS**

8         19.    This class action is filed under the provisions of California Code of Civil Procedure

9    section 382, which provides that a class action may be brought when the question is one of common

10   interest to many persons, or when the number of persons is numerous and it is impracticable to bring

11   them all before the court.  This action is properly maintained as a class action for the reasons set

12   forth below.

13                                       **MEN'S CLASS**

14        20.    Plaintiff DAVID LONG, JR. is a proposed representative of the Men's Class, which

15   is an ascertainable class of California males who, on the basis of their gender, were made to pay

16   more than their female counterparts for admission or other services at the White Party and other

17   similar events hosted at the Playboy Mansion.

18        21.    The Men's Class for whose benefit this action is brought consists of all male

19   attendees of the White Party event and other similar events hosted at the Playboy Mansion, whose

20   claims, except as to amount of damages, are otherwise identical, and whose repetitive testimony at

21   trial would be impracticable, unnecessary, and an inefficient use of judicial resources.

22        22.    Specific to those putative class members who attended White Party, Plaintiff Long

23   witnessed dozens of male attendees, making this case suitable for class treatment.  The large list of

24   absent members of the Men's Class is within the exclusive possession and control of Defendants,

25   and is not now known to Plaintiff, although the list may be readily obtained using statutory

26   discovery procedures.

27        23.    There are questions of law and fact common to members of the Men's Class and

28   which predominate over questions involving individual members of this class.  The common

---

6

Complaint for Injunctive Relief and Damages

RECEIVED  02/25/2011 12:05   1-213-620-1596       DDS LA
FROM Advanced Attorney Services        (FRI)FEB 25 2011 11:14/ST. 11:05/No. 9300724382 P 10

1   questions include:

2      a) Whether Defendants' Gender-Based Pricing Promotion unlawfully discriminated against

3         members of the Men's Class on the basis of their gender;

4      b) Whether Defendants' Gender-Based Pricing Promotion violated Civil Code section 51 by

5         unlawfully discriminating against members of the Men's Class on the basis of their gender;

6      c) Whether Defendants' Gender-Based Pricing Promotion violated Civil Code section 51.5 by

7         unlawfully discriminating against members of the Men's Class on the basis of their gender;

8      d) Whether Defendants' Gender-Based Pricing Promotion violated Civil Code section 51.6 by

9         unlawfully discriminating against members of the Men's Class on the basis of their gender;

10     e) Whether, as a result of the above-referenced unlawful conduct, Defendant's Gender-Based

11        Pricing Promotion constituted an unlawful or unfair business practice under the Unfair

12        Competition Law as provided under Business and Professions Code section 17200 et seq.

13        24.    There is a well defined community of interest regarding the questions of law and fact

14   involved in the parties to be represented.  Plaintiff Long's claims are typical of the claims of the

15   absent members of the Men's Class.  The claims fairly encompass the claims of the absent members

16   of the Men's Class.  Plaintiff Long and the absent members of the Men's Class are similarly situated

17   and identically harmed by the same course of unlawful conduct alleged herein.  A class action is

18   superior to other methods for the fair and efficient adjudication of this controversy.  Defendants'

19   practices are common to all members of the Men's Class and judicial economy is not served by

20   multiple actions with duplicative and repetitive testimony.

21        25.    Plaintiff Long is aware of no difficulty that will be encountered in the management

22   of this litigation that would preclude its maintenance as a class action.

23        26.    Plaintiff Long and his counsel will fairly and adequately protect the interests of the

24   absent members of the Men's Class.  There are no material conflicts between Plaintiff Long's claims

25   and those of the absent members of the Men's Class that would make class certification

26   inappropriate.  Plaintiff has retained counsel who are competent and experienced in class action

27   litigation who will vigorously assert class representative's claims and those of the absent members of

28   the Men's Class.  Plaintiff's counsel further has substantial experience pursuing civil rights claims

7

Complaint for Injunctive Relief and Damages

RECEIVED  02/25/2011 12:05   1-213-620-1596        DDS LA
FROM Advanced Attorney Services        (FRI)FEB 25 2011 11:14/ST. 11:05/No. 6300724392 P 17

1  pursuant to the Unruh Civil Rights Act and the Gender Tax Repeal Act of 1995.

2      27.      Plaintiff is entitled to an award of reasonable attorneys' fees and costs in prosecuting

3  this action against Defendants pursuant to Civil Code section 52 and Code of Civil Procedure section

4  1021.5.

5                    **FIRST CAUSE OF ACTION**

6      **Discriminatory Business Practices in Violation of the Unruh Civil Rights Act**

7                       **(Civil Code § 51 et seq.)**

8            **AGAINST ALL DEFENDANTS AND DOES 1-500**

9      28.      Plaintiff incorporates into this cause of action the allegations contained in each and

10  every preceding paragraph of this complaint as if the same were set out at length herein.

11      29.      By virtue of their conduct alleged herein, Defendants, and each of them,

12  intentionally discriminated against DAVID LONG, JR. solely on the basis of his gender as

13  proscribed by the Unruh Civil Rights Act, codified in Civil Code section 51 et seq.

14      30.      By their conduct, Defendants, and each of them, caused Plaintiff to sustain damages.

15      31.      Said discrimination renders Defendants, and each of them, liable to Plaintiff Long

16  and the absent members of the Men's Class "for each and every offense for the actual damages, and

17  any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of

18  three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and

19  any attorneys' fees that may be determined by the court in addition thereto...." (Civ. Code, § 52,

20  subd. (a).)

21      32.      Said discrimination further renders Defendants, and each of them, subject to

22  injunctive relief.

23      33.      Any remedy or relief awarded Plaintiff or the absent members of the Men's Class as

24  a result of Defendants' liability for violations of the Unruh Civil Rights Act is "independent of any

25  other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any

26  other law." (Civ. Code, § 52, subd. (e).)

27  ///

28  ///

                                8

                    Complaint for Injunctive Relief and Damages

RECEIVED  02/25/2011 12:05   1-213-620-1596      DDS LA
FROM Advanced Attorney Services      (FRI)FEB 25 2011 11:14/ST. 11:05/No. 9300724902 P 19

## SECOND CAUSE OF ACTION

### Discriminatory Business Practices in Violation of Civil Code section 51.5

### AGAINST ALL DEFENDANTS AND DOES 1-500

34.    Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

35.    By virtue of their conduct alleged herein, Defendants, and each of them, intentionally discriminated against Plaintiff DAVID LONG, JR., and each of the absent members of the men's class, on the basis of his gender as proscribed by Civil Code section 51.5.

36.    By their conduct, Defendants, and each of them, caused Plaintiff and the absent members of the Men's Class to sustain damages.

37.    Said discrimination renders Defendants, and each of them, liable to Plaintiff Long and the absent members of the Men's Class "for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto...." (Civ. Code, § 52, subd. (a).)

38.    Said discrimination further renders Defendants, and each of them, subject to injunctive relief.

39.    Any remedy or relief awarded Plaintiff or the absent members of the Men's Class as a result of Defendants' liability for violations of Civil Code section 51.5 is "independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law." (Civ. Code, § 52, subd. (e).)

### THIRD CAUSE OF ACTION

### Discriminatory Business Practices in Violation of the Gender Tax Repeal Act of 1995

### (Civil Code § 51.6 et seq.)

### AGAINST ALL DEFENDANTS AND DOES 1-500

40.    Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

9

RECEIVED  02/25/2011 12:05  1-213-620-1596      DDS LA
FROM Advanced Attorney Services      (FRI)FEB 25 2011 11:14/ST. 11:05/No. 6300724992 P 19

41.    By virtue of their conduct alleged herein, Defendants, and each of them, intentionally discriminated against DAVID LONG, JR. solely on the basis of his gender as proscribed by the Gender Tax Repeal Act of 1995, Civil Code section 51.6 et seq.

42.    By their conduct, Defendants, and each of them, caused Plaintiff Long and the absent members of the Men's Class to sustain damages.

43.    Said discrimination renders Defendants, and each of them, liable to Plaintiff Long and the absent members of the Men's Class "for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorneys' fees that may be determined by the court in addition thereto...." (Civ. Code, § 52, subd. (a).)

44.    Said discrimination further renders Defendants, and each of them, subject to injunctive relief.

45.    Any remedy or relief awarded Plaintiff or the absent members of the Men's Class as a result of Defendants' liability for violations of the Gender Tax Repeal Act of 1995 is "independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law." (Civ. Code, § 52, subd. (e).)

## FOURTH CAUSE OF ACTION

**Unfair, Deceptive or Unlawful Business Practices in Violation of the Unfair Competition Law**

**(Bus. & Prof. Code, § 17200 et seq. -- Unruh Civil Rights Act)**

**AGAINST ALL DEFENDANTS AND DOES 1-500**

46.    Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

47.    By virtue of their conduct alleged herein, Defendants, and each of them, engaged in acts of unfair competition as defined in Business and Professions Code section 17200, as follows:

a)    Each and every act of discrimination premised on the gender of Defendants' customers as set forth herein, and therefore in violation of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.), was unfair or unlawful or both.

10

Complaint for Injunctive Relief and Damages

RECEIVED  02/25/2011 12:05   1-213-620-1596      DDS LA
FROM Advanced Attorney Services       (FRI)FEB 25 2011 11:14/ST. 11:05/No. 6300724092 P 20

48.   Said violations render Defendants, and each of them, liable to Plaintiff Long individually, to the absent members of the Men's Class and to the general public upon whose behalf Plaintiff brings this action in a representative capacity for restitution or injunctive relief or both. (Bus. & Prof. Code, § 17204.)

49.   Any remedy or relief awarded Plaintiff, the absent members of the Men's Class or the general public as a result of defendants' liability for violations of the Unfair Competition Law is "cumulative to each other and to the remedies or penalties available under all other laws of this state." (Bus. & Prof. Code, § 17205.)

### FIFTH CAUSE OF ACTION

**Unfair, Deceptive or Unlawful Business Practices in Violation of the Unfair Competition Law**

**(Bus. & Prof. Code, § 17200 et seq. -- Civil Code § 51.5)**

### AGAINST ALL DEFENDANTS AND DOES 1-500

50.   Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

51.   By virtue of their conduct alleged herein, Defendants, and each of them, engaged in acts of unfair competition as defined in Business and Professions Code section 17200, as follows:

52.   Each and every act of discrimination premised on the gender of Defendants' customers as set forth herein, and therefore in violation of Civil Code section 51.5, was unfair or unlawful or both;

53.   Said violations render Defendants liable to Plaintiff Long individually, to the absent members of the Men's Class and to the general public upon whose behalf plaintiff brings this action in a representative capacity for restitution or injunctive relief or both. (Bus. & Prof. Code, § 17204.) 

54.   Any remedy or relief awarded Plaintiff, the absent members of the Men's Class or the general public as a result of Defendants' liability for violations of the Unfair Competition Law is "cumulative to each other and to the remedies or penalties available under all other laws of this state." (Bus. & Prof. Code, § 17205.)

///
///

11



RECEIVED  02/25/2011 12:05   1-213-520-1595        DDS LA
FROM Advanced Attorney Services          (FRI)FEB 25 2011 11:15/ST.11:05/No.9300724982 P 21

**SIXTH CAUSE OF ACTION**

**Unfair, Deceptive or Unlawful Business Practices in Violation of the Unfair Competition Law**

**(Bus. & Prof. Code, § 17200 et seq. – Gender Tax Repeal Act)**

**AGAINST ALL DEFENDANTS AND DOES 1-500**

55.     Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

56.     By virtue of their conduct alleged herein, Defendants, and each of them, engaged in acts of unfair competition as defined in Business and Professions Code section 17200, as follows:

a) Each and every act of discrimination premised on the gender of Defendants' patrons and potential patrons as set forth herein, and therefore in violation of the Gender Tax Repeal Act of 1995 (Civ. Code, § 51.6 et seq.), was unfair or unlawful or both.

57.     Said violations render Defendants, and each of them, liable to Plaintiff Long individually, to the absent members of the Men's Class and to the general public upon whose behalf Plaintiff brings this action in a representative capacity for restitution or injunctive relief or both. (Bus. & Prof. Code, § 17204.)

58.     Any remedy or relief awarded Plaintiff, the absent members of the Men's Class or the general public as a result of Defendants' liability for violations of the Unfair Competition Law is "cumulative to each other and to the remedies or penalties available under all other laws of this state." (Bus. & Prof. Code, § 17205.)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

1. Award Plaintiff and the absent members of the Men's Class actual damages according to proof or as otherwise required by statute;

2. Award Plaintiff and the absent members of the Men's Class statutorily mandated exemplary damages according to proof or as otherwise required by statute;

3. Permanently enjoin Defendants, and each of them, from engaging in discriminatory practices in violation of the Unruh Civil Rights Act, Civil Code section 51;

4. Award Plaintiff and the absent members of the Men's Class their attorneys' fees according to

12

Complaint for Injunctive Relief and Damages

RECEIVED—02/25/2011 12:05  1-213-620-1596      DDS LA
FROM Advanced Attorney Services      (FRI)FEB 25 2011 11:15/ST.11:05/No. 9000724002 P 22

1   proof or as required and/or permitted by statute including, but not limited to, sections 52 of

2   the Civil Code and 1021.5 of the Code of Civil Procedure;

3   5.  Award Plaintiff and the absent members of the Men's Class their costs; and

4   6.  Grant such other and further relief as the Court deems just and proper, including without

5       limitation, the complete disgorgement of all ill-gotten gains according to proof or as

6       otherwise required by statute.

7                          **JURY TRIAL DEMANDED**

8   Plaintiff requests a jury trial in this matter and agrees to pay all fees and costs associated

9   therewith which are chargeable to him at the appropriate time.

10  Respectfully submitted.

11  Dated: February 24, 2011

12                                  FULLER JENKINS

13

14                          By:    **ERIK C. JENKINS, ESQ.**

15                                 Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    13

                   Complaint for Injunctive Relief and Damages

RECEIVED   02/25/2011 12:05   1 213 620 1596   DDS LA
FROM Advanced-Attorney Services   (FRI)FEB 25 2011 11:15/ST. 11:05/No. 6300724382 P 23

*DAVID LONG, JR. vs. PLAYBOY ENTERPRISES INTERNATIONAL, INC.*
*CASE NO. BC 454001*

# Exhibit "1"

RECEIVED  02/25/2011 12:05   1-213-620-1596       DDS LA
FROM Advanced Attorney-Services       (FRI)FEB 25 2011 11:15/ST. 11:05/No. 8300724002 P 24



# EXHIBIT E

1 | JOHN P. LeCRONE (State Bar No. 115875)
johnlecrone@dwt.com
2 | CAMILO ECHAVARRIA (State Bar No. 192481)
camiloechavarria@dwt.com
3 | DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
4 | Los Angeles, California 90017-2566
Telephone: (213) 633-6800
5 | Fax: (213) 633-6899

6 | Attorneys for Defendant
PLAYBOY ENTERPRISES INTERNATIONAL, INC.

7 |

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 1 0 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES, CENTRAL DIVISION

| | |
|---|---|
| DAVID LONG, JR., an individual suing on behalf of himself, all those similarly situated and the general public, ) ) ) | Case No. BC454001 |
| Plaintiff, ) ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. ) ) | |
| PLAYBOY ENTERPRISES INTERNATIONAL, INC. and DOES 1 through 500 ) ) ) | Assigned to the Hon. Robert L. Hess Dept. 24 |
| Defendants. ) ) ) | Action Filed: January 31, 2011 |

Defendant Playboy Enterprises International, Inc. ("PEII"), answering for itself and no others, responds to the unverified First Amended Complaint ("Complaint") of plaintiff David Long, Jr. ("Plaintiff") as follows:

### GENERAL DENIAL

1.    Pursuant to California Code of Civil Procedure § 431.30(d), PEII denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2.    PEII further denies that Plaintiff, and the putative class, has sustained any injury, damage or loss by reason of any act or omission on the part of PEII, and specifically denies that Plaintiff, and the putative class, suffered any of the damages alleged in the Complaint.

3.    PEII further denies that Plaintiff, and the putative class, is entitled to any relief against PEII on any ground whatsoever, and denies that Plaintiff, and the putative class, is entitled to damages against PEII in any amount.

### AFFIRMATIVE AND OTHER DEFENSES

4.    Having fully answered the allegations in the Complaint, PEII asserts the following additional and other affirmative defenses as to each and every cause of action of the Complaint. In so doing, PEII does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim – All Causes of Action)

5.    Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against PEII.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

6.    The Complaint, and each and every cause of action therein, is barred by the applicable statute(s) of limitations.

1

DEFENDANT'S ANSWER TO FAC
DWT 16717283v1 0061612-000015

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands – All Causes of Action)

7.     Plaintiff's Complaint, and each purported cause of action therein, is barred pursuant to the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches – All Causes of Action)

8.     Plaintiff's Complaint, and each purported cause of action therein, is barred pursuant to the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

#### (Estoppel/Wavier – All Causes of Action)

9.     Plaintiff has waived and is estopped by his own acts or omissions from recovery against PEII for the alleged loss, injury or damage suffered by him, if any.

### SIXTH AFFIRMATIVE DEFENSE

#### (Lack of Justifiable Reliance – All Causes of Action)

10.     Plaintiff is barred from asserting each and every purported cause of action set forth in the Complaint because he did not justifiably or detrimentally rely on any communication, conduct or omission of PEII.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Fault of Plaintiffs, the Putative Class or Third Parties – All Causes of Action)

11.     If Plaintiff, and the purported class, sustained any damages, which PEII denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff, the putative class, and/or third parties, or, Plaintiff, the putative class and/or third parties otherwise were at fault. Plaintiff, and the putative class, is therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against PEII therein, or recovery, if any, should thereby be reduced in proportion to such fault.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### EIGHTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences – All Causes of Action)

12.     Plaintiff is barred from asserting each and every purported cause of action set forth in the Complaint by the doctrine of avoidable consequences.

### NINTH AFFIRMATIVE DEFENSE

#### (Standing -- All Causes of Action)

13.     Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Plaintiff lacks standing to assert the causes of action alleged in the Complaint, either individually or in a representative capacity, including but not limited to the fact that Plaintiff has no injury in fact, has not lost money or property as a result of the action of PEII, did not tender any money to PEII for any of the goods or services alleged in the Complaint, and were not charged by PEII for any of the goods or services alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

#### (Underlying Conduct Not Wrongful – UCL Causes Of Action)

14.     The Complaint's UCL causes of action are barred because PEII has not committed any act with respect to the matters alleged in the Complaint that is "unlawful," "unfair" or "fraudulent" within the meaning of these statutes.  PEII did not engage in unfair conduct by discriminating between men and women, nor did it deny any advantages, privileges and/or services to either gender.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Non-Restitutionary Disgorgement of Profits – UCL Cause Of Action)

15.     Plaintiff is not entitled to obtain non-restitutionary disgorgement of profits from PEII for alleged violations of the UCL, as such a recovery is not available under the statute.  *See Madrid v. Perot Sys. Corp.* (2005) 130 Cal.App.4th 440, 459-462; *Feitelberg v. Credit Suisse First Boston, LLC* (2005) 134 Cal.App.4th 997,1004; *Alch v. Sup. Ct.* (2004) 122 Cal.App.4th 339, 407 n.79.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWELFTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

16.     Plaintiff and any person he purports to represent, is barred from recovery in that any damage sustained by Plaintiff, and any person he purports to represent, was the direct and proximate result of the independent, intervening, negligent and unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

17.     Defendant denies any legal responsibility for the harm alleged in the Complaint; however, to the extent that Defendant is found to be legally responsible, Defendants' legal responsibility is not the sole and proximate cause of the injuries alleged in the Complaint, and any amounts awarded are to be apportioned in accordance with the fault and legal responsibility, if any, of all parties, persons and entities who contributed to and/or caused said harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedies -- All Causes of Action)

18.     Plaintiff is barred from asserting the request for equitable relief alleged because Plaintiff has adequate remedies at law, the requested relief is merely a disguised attempt at seeking damages, and/or the equitable relief, including injunctive relief, is neither necessary, proper or available because, for example, Plaintiff, and the putative class, cannot obtain injunctive relief based on past conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Risk of Substantial Prejudice -- All Causes Of Action)

19.     This action is not properly maintainable as a class action because there is little to no risk of substantial prejudice that each putative class member will file a separate lawsuit and, accordingly, there is little to no risk of inconsistent standards of adjudication and there is little to no risk that separate lawsuits would somehow impair the interests of other alleged putative class members.  Upon information and belief, there are few, if any, potential lawsuits in existence over

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the "White Party." Other than this lawsuit, PEII has not received any other claim or threat of claim related to the "White Party."

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative -- All Causes Of Action)

20.     This action is not properly maintainable as a class action, because Plaintiff's claims or defenses are unique to Plaintiff and/or Plaintiff is not capable of adequately representing the putative class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Action Not Proper -- All Causes Of Action)

21.     This action is not properly maintainable as a class action, because Plaintiff cannot establish all the elements necessary for class certification in that, among other things, the putative class is not ascertainable, there does not exist a well-defined community of interest as to the questions of law and fact involved, and the putative class is sufficiently manageable without implementing the class action mechanism and, therefore, it is not the superior method for adjudicating this dispute.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages -- All Causes Of Action)

22.     While PEII denies that Plaintiff, and the putative class, has been damaged in any way, if it should be determined that Plaintiff, and the putative class, has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiff, and the putative class, failed to take reasonable action to mitigate or minimize their alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

23.     PEII presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. PEII reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PRAYER

WHEREFORE, PEII prays for judgment herein as follows:

1.      That Plaintiff, and the putative class, take nothing by way of the Complaint on file herein;

2.      That the Complaint be dismissed with prejudice and judgment entered in favor of PEII;

3.      That PEII be awarded its costs of suit; and

4.      For such other and further relief as the Court deems just and proper.


DATED:  March 10, 2011

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
CAMILO ECHAVARRIA


By: _____
            John P. LeCrone

Attorneys for Defendant
PLAYBOY ENTERPRISES INTERNATIONAL, INC.

DEFENDANT'S ANSWER TO FAC
DWT 16717283v1 0061612-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY OVERNIGHT EXPRESS

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Overnight Express.  Such correspondence will be deposited with a facility regularly maintained by Overnight Express for receipt on the next business day.

     On March 10, 2011, I served the following document(s): **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** by placing a **true copy or original** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Craig D. Fuller
> Erik C. Jenkins
> FULLER JENKINS
> 11975 El Camino Real, Suite 200
> San Diego, CA  92130

and by sealing the envelope and placing it for collection and delivery by Overnight Express with delivery fees paid or provided for in accordance with ordinary business practices.

     Executed on March 10, 2011, at Los Angeles, California.

☑    State     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Miriam Cardona | _(signature)_ |
| --- | --- |
| Print Name | Signature |

DEFENDANT'S ANSWER TO FAC
DWT 16717283v1 0061612-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT F

1 | DAVIS WRIGHT TREMAINE LLP
2 | JOHN P. LeCRONE (State Bar No. 115875)
  | johnlecrone@dwt.com
3 | CAMILO ECHAVARRIA (State Bar No. 192481)
  | camiloechavarria@dwt.com
4 | 865 South Figueroa Street, Suite 2400
  | Los Angeles, California  90017-2566
5 | Telephone: (213) 633-6800
  | Fax: (213) 633-6899
6 |
7 | Attorneys for Defendant
  | Playboy Enterprises International, Inc.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 10 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
        Mary Flores

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID LONG, JR., on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC. AND DOES 1 through 500,<br><br>          Defendants. | Case No. BC454001<br><br>**DEFENDANT PLAYBOY ENTERPRISES INTERNATIONAL, INC.'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S NOTICE OF RELATED CASE**<br><br>[CRC 3.300]<br><br>Assigned to Hon. Robert L. Hess Dept. 24<br><br>Action Filed:  January 31, 2011 |

1   Defendant Playboy Enterprises International, Inc. ("PEII") submits this response and

2   objection to Plaintiff's Amended Notice of Related Case filed February 25, 2011.  Plaintiff David

3   Long Jr. ("Plaintiff") seeks to relate the instant class action to a class action filed in the San Diego

4   Superior Court -- *Long Jr. v. Café Sevilla*, Case. No. 37-2008-00082140-CU-CR-CTL ("Sevilla").

5   However, *Sevilla* does not meet the requirements of California Rules of Court ("CRC") Rule

6   3.300 for related cases.  As explained below, there is no good cause for the court to order this case

7   related to *Sevilla*.

8        Plaintiff's Amended Notice of Related Case indicates that these cases should be related

9   because they "involve the same parties and are based on the same or similar claims."  However,

10  *Sevilla* and the instant case do not involve the same parties and do not meet the requirements set

11  forth in the CRC.

12        *First*, under CRC 3.300(a)(1), cases may be related if they "involve the same parties..."

13  These two cases, however, do not involve the same parties at all.  Case No. 37-2008-00082140-

14  CU-CR-CTL was brought in the San Diego Superior Court by Plaintiff Luciano Alexandre on

15  behalf of a putative class against defendants MEC Networks, Inc. and Café Sevilla.  Later in that

16  case, Plaintiff's counsel was successful in relating the *Alexandre* case to another class action

17  brought in San Diego Superior Court by Plaintiff David Long Jr. against the *same* Defendants --

18  MEC Networks, Inc. and Café Sevilla – neither of which is a Defendant in the instant action.  By

19  contrast, this case involves only Plaintiff, David Long, Jr.[1] and PEII.  Since these cases do not

20  involve the same parties, *Sevilla* is not related to the instant case under CRC 3.300(a)(1).

21        *Second*, under CRC 3.300(a)(4), cases may be deemed related only if they are likely to

22  require "substantial duplication of judicial resources if heard by different judges."  According to

23

24

25  [1] Plaintiff's counsel has a practice of attempting to relate cases with different plaintiffs and involving entirely different alleged discriminatory events to each other.  Similar to this case, in *Betram Riddick v. Royal Carribean Cruises LTD* ("Betram"), Case No. BC394335, Plaintiff's counsel attempted to relate the *Betram* case to a completely different case, *Rava v. Bear Valley Mountain Resort, Inc. et al*, Case No. BC312394.  In that case, Judge Anthony Mohr found that the cases were not related within the meaning of Los Angeles Superior Court Rule 7.3(f).  (*See* Order of Court Denying Plaintiff's Notice of Related Case, attached as Exhibit 1 to Request for Judicial Notice.)

26

27

28

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  the docket for the San Diego Superior Court and Plaintiff's Amended Notice, the *Sevilla* case was

2  "disposed of by judgment" and dismissed with prejudice on February 2, 2010. (*See* Register of

3  Action, attached as Exhibit 2 to Request for Judicial Notice.)

4      Even if the *Sevilla* case were active, the two cases contain no factual similarities and thus

5  this case will require the same amount of judicial resources regardless of whether this case is in

6  front of the same Judge that adjudicated *Sevilla*. This case involves Plaintiff's claim that he and

7  other "males in California" were wrongfully denied equal pricing for the purchase of an

8  admission ticket for a "White Party" Breast Cancer fundraiser held on May 23, 2009 at the

9  Playboy Mansion in Los Angeles. *Sevilla*, by contrast, involved an alleged promotion that

10  allowed female customers a free or reduced price to regular "Blazin' Friday events" at a San

11  Diego establishment called Café Sevilla if they entered before 10:30 p.m. The Blazin' Friday

12  events were not held at the Playboy Mansion and bear no relationship to the Playboy Mansion or

13  PEII, which was not involved in any way in the Blazin' Friday events. The alleged discriminatory

14  activities in each instance were very different.

15      Furthermore, even though each case contains allegations of certain violations of the Unruh

16  Act, the application of the statute to this case and to the *Sevilla* case will be drastically different.

17  Each case involves entirely different events, dates, and locations specific to each set of allegations

18  that will require a completely separate analysis and would severely complicate and confuse any

19  trial. Also, the nature of the alleged transactions are specific to each case – i.e., the alleged

20  ongoing "Blazin' Fridays" events versus the alleged promotion of a "White Party" charitable

21  event held at the Playboy Mansion.

22      *Third*, the other bases for finding that the cases are related do not apply to *Sevilla* and the

23  instant case. CRC 3.300(a)(2) states that cases may be related if they "arise from the same or

24  substantially identical transactions, incidents, or events requiring determination of the same or

25  substantially identical questions of law or fact." Here, as stated above, the alleged discriminatory

26  entrance fee for a promotional event in *Sevilla*, featuring "hip hop" and reggaeton music held at

27  Sevilla nightclub in San Diego every Friday is completely different from a one-time "White

28  Party" benefiting breast cancer awareness.

· 2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Fourth,* since the *Sevilla* case has been dismissed, this case is the only case that is still pending. Also, the *Sevilla* case arose out of events that allegedly occurred in San Diego and was a case adjudicated in San Diego Superior Court.  Here, all of the alleged actions took place in Los Angeles County.  Therefore, there is no reason for this case to be potentially heard in San Diego Superior Court.

*Finally,* CRC 3.300(a)(3) states that cases may be related if they "[i]nvolve claims against, title to, possession of, or damages to the same property."  This case does not involve such property claims.

As shown above, other than the fact these cases allege Unruh Act violations, the two cases could not be more different.  Therefore, PEII respectfully submits that this case is not related to *Sevilla* within the meaning of the CRC and that therefore, no good cause exists to transfer the case from department 324.


DATED:  March 10, 2011

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
CAMILO ECHAVARRIA


By:_____
                    John LeCrone

Attorneys for Defendant
Playboy Enterprises International, Inc.

RESPONSE AND OBJECTIONS TO
NOTICE OF RELATED CASE
DWT 16642021v3 0061612-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>PROOF OF SERVICE BY OVERNIGHT EXPRESS</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Overnight Express.  Such correspondence will be deposited with a facility regularly maintained by Overnight Express for receipt on the next business day.

On March 10, 2011, I served the following document(s): **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** by placing a **true copy or original** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Craig D. Fuller
> Erik C. Jenkins
> FULLER JENKINS
> 11975 El Camino Real, Suite 200
> San Diego, CA  92130

and by sealing the envelope and placing it for collection and delivery by Overnight Express with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on March 10, 2011, at Los Angeles, California.

☑   State       I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐   Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____          _____
Miriam Cardona                                  *[signature]*
Print Name                                          Signature

i

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT G

JOHN P. LeCRONE (State Bar No. 115875)
    johnlecrone@dwt.com
CAMILO ECHAVARRIA (State Bar No. 192481)
    camiloechavarria@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
PLAYBOY ENTERPRISES INTERNATIONAL, INC.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 10 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
        Mary Flores

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DIVISION

| | |
|---|---|
| DAVID LONG, JR., an individual suing on behalf of himself, all those similarly situated and the general public,<br><br>        Plaintiff,<br><br>    vs.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC. and DOES 1 through 500<br><br>        Defendants. | Case No. BC454001<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S NOTICE OF RELATED CASE**<br><br>Assigned to the Hon. Robert L. Hess<br>Dept. 24<br><br>Action Filed:  January 31, 2011 |

PLEASE TAKE NOTICE that Defendant Playboy Enterprises International, Inc. hereby requests this Court take judicial notice, pursuant to California Evidence Code Section 452, of the following documents, true and correct of which are attached to this Notice:

1.      Document entitled "Court's Order re: Related Cases" in the matter of *Bertram Riddick v. Royal Caribbean Cruises LTD ET*, Los Angeles Superior Court, Case No. BC394335 (2008), attached as Exhibit 1.

2.      Register of Action in the matter of *Luciano Alexander v. MEC Network, Inc.*, Case No. 37-2008-00082140-CU-CR-CTL, attached as Exhibit 2.

DATED:  March 10, 2011

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
CAMILO ECHAVARRIA

By: _____
John P. LeCrone

Attorneys for Defendant
PLAYBOY ENTERPRISES INTERNATIONAL, INC.

REQUEST FOR JUDICIAL NOTICE
DWT 16718330v1 0061612-000015

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# Exhibit 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/19/08                                                        DEPT. 309

HONORABLE Anthony J. Mohr          JUDGE    M. CERVANTES        DEPUTY CLERK
                                            M. RODRIGUEZ, Courtroom Assistant
HONORABLE                   JUDGE PRO TEM                       ELECTRONIC RECORDING MONITOR

        NONE                Deputy Sheriff   NONE                    Reporter

|  | |
|---|---|
| BC394335 | Plaintiff Counsel |
| BERTRAM RIDDICK | |
| VS | Defendant Counsel |
| ROYAL CARIBBEAN CRUISES LTD ET | NO APPEARANCES |

NATURE OF PROCEEDINGS:

COURT'S ORDER RE: RELATED CASES

The Court finds that the following cases BC394335
and BC312394 are not related cases within the
meaning of Los Angeles Superior Court Local Rule
7.3(f).

Moving party is to give notice to all parties.

              CLERK'S CERTIFICATE OF MAILING/
                NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
09/19/08 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date:  September 23, 2008

John A. Clarke, Executive Officer/Clerk

By: _____
          M. Cervantes, Deputy Clerk

              Page   1 of   2   DEPT. 309

```
MINUTES ENTERED
09/19/08
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/19/08

DEPT. 309

HONORABLE Anthony J. Mohr     JUDGE

M. CERVANTES    DEPUTY CLERK

M. RODRIGUEZ, Courtroom Assistant

HONORABLE     JUDGE PRO TEM     ELECTRONIC RECORDING MONITOR

NONE     Deputy Sheriff     NONE     Reporter

BC394335

BERTRAM RIDDICK     Plaintiff Counsel

VS

ROYAL CARIBBEAN CRUISES LTD ET     Defendant Counsel     NO APPEARANCES

NATURE OF PROCEEDINGS:

Craig D. Fuller
Erik C. Jenkins
FULLER JENKINS
4250 Executive Square, Suite 555
La Jolla, California  92037

Page  2 of  2   DEPT. 309

MINUTES ENTERED
09/19/08
COUNTY CLERK

# Exhibit 2

 Superior Court of California, County of San Diego

Case Search Home   Previous Page   New Case Number Search   New Party Name Search   Printer-Friendly Version (All Entries)   Help

**Register of Actions**

THE INFORMATION IN THIS REGISTER OF ACTIONS IS PROVIDED AS IS, WITHOUT WARRANTY BY THE SAN DIEGO SUPERIOR COURT AS TO CONTENT OR ACCURACY OF THE INFORMATION.

THE ENTRY DATE ON THE REGISTER OF ACTIONS MAY NOT ALWAYS REFLECT THE ACTUAL FILING DATE OF A DOCUMENT AND NOT ALL DOCUMENTS FILED WITH THE COURT ARE LISTED ON THE REGISTER OF ACTIONS. IT IS RECOMMENDED THAT USERS REFER TO THE CASE FILE FOR CONFIRMATION.

| | | | |
|---|---|---|---|
| Case Number: | 37-2008-00082140-CU-CR-CTL | Date Filed: | 04/17/2008 |
| Case Title: | Luciano Alexandre vs. MEC Network Inc | Case Status: | Dismissed |
| Case Category: | Civil - Unlimited | Location: | Central |
| Case Type: | Civil Rights | Judicial Officer: | Yuri Hofmann |
| Case Age: | 593 days | Department: | |
| Next Event Type: | | Next Event Date: | |

Display:  **All Entries**   Filing Information Only   Scheduling Information Only

| Entry Date | Short/Long Entry | Filed By |
|---|---|---|
| 02/09/2010 | Proof of Service (Request for dismissal) submitted by Long, David Jr rejected on 02/09/2010. | Long, David (Plaintiff) |
| 02/02/2010 | Miscellaneous Minute Order Finalized. | |
| 02/02/2010 | Court ordered entire action dismissed without prejudice. | |
| 01/29/2010 | Request for Dismissal with Prejudice - Entire Action filed by Long, David Jr. | Long, David (Plaintiff) |
| 01/29/2010 | Proof of Service (Request for Dismissal) filed by Long, David Jr. | Long, David (Plaintiff) |
| 01/13/2010 | Request for Dismissal with Prejudice - Entire Action submitted by Cafe Sevilla Inc rejected on 01/13/2010. | Cafe Sevilla Inc (Cross - Complainant) |
| 01/12/2010 | Request for Dismissal with Prejudice - Entire Action submitted by Long, David Jr rejected on 01/12/2010. | Long, David (Plaintiff) |
| 01/12/2010 | Complaint dismissed as to Surrey, Steven with disposition of Request for Dismissal. | |
| 01/12/2010 | Complaint dismissed as to Weaver, Terry with disposition of Request for Dismissal. | |
| 01/12/2010 | Complaint dismissed as to Pacheco, Dave with disposition of Request for Dismissal. | |
| 01/12/2010 | Complaint dismissed as to More Enterprises Communications Network, Inc. with disposition of Request for Dismissal. | |
| 01/12/2010 | Complaint dismissed as to Cafe Sevilla, Inc. with disposition of Request for Dismissal. | |
| 01/12/2010 | Request for Dismissal (WITH PREJUDICE AS TO COMPLAINT) filed by Pacheco, Dave; Weaver, Terry; Surrey, Steven. | Pacheco, Dave (Plaintiff); Surrey, Steven (Plaintiff); Weaver, Terry (Plaintiff) |
| 01/11/2010 | Request for Dismissal with Prejudice - Entire Action submitted by Alexandre, Luciano rejected on 01/11/2010. | Alexandre, Luciano (Plaintiff) |
| 12/01/2009 | Civil Jury Trial scheduled for 12/04/2009 at 09:00:00 AM at Central in C-60 Yuri Hofmann was vacated. | |
| 11/30/2009 | Notice of Conditional Settlement filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |

| 11/20/2009 | Minutes finalized for Trial Readiness Conference (Civil) heard 11/20/2009 09:30:00 AM. | |
|---|---|---|
| 11/20/2009 | Joint Trial Readiness Conference Report filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 11/20/2009 | Advance Trial Review Order filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 10/07/2009 | Motion Hearing (Civil) scheduled for 10/09/2009 at 10:30:00 AM at Central in C-60 Yuri Hofmann was vacated. | |
| 09/23/2009 | Motion Hearing (Civil) scheduled for 10/09/2009 at 10:30:00 AM at Central in C-60 Yuri Hofmann. | |
| 09/23/2009 | Motion Hearing (Civil) rescheduled to 10/09/2009 at 10:30:00 AM in C-60 before Yuri Hofmann at Central. | |
| 08/13/2009 | Proof of Service by Mail - Petition filed by Long, David Jr. | Long, David (Plaintiff) |
| 08/13/2009 | Proof of Service by Mail - Petition filed by Long, David Jr. | Long, David (Plaintiff) |
| 08/13/2009 | Proof of Service by Mail - Petition filed by Long, David Jr. | Long, David (Plaintiff) |
| 08/13/2009 | Proof of Service by Mail - Petition filed by Long, David Jr. | Long, David (Plaintiff) |
| 07/21/2009 | Amendment to Complaint (Correcting Defendants name) filed by Pacheco, Dave; Weaver, Terry; Surrey, Steven. | Pacheco, Dave (Plaintiff); Surrey, Steven (Plaintiff); Weaver, Terry (Plaintiff) |
| 06/25/2009 | Notice - Other (NOTICE OF CONTINUANCE OF HEARING OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL (set for 09/25/09 10:30 am)) filed by MEC Network Inc. | MEC Network Inc (Defendant) |
| 06/25/2009 | Notice - Other (of continuance of hearing of motion and motion to be relieved as counsel) submitted by MEC Network Inc rejected on 06/24/2009. | MEC Network Inc (Defendant) |
| 06/25/2009 | Status of Mediation process changed to Not settled at hearing on 03/13/2009. | |
| 06/24/2009 | Notice - Other (of continuance of hearing of motion and motion to be relieved as counsel) filed by MEC Network Inc. | MEC Network Inc (Defendant) |
| 06/23/2009 | Motion Hearing (Civil) scheduled for 09/25/2009 at 10:30:00 AM at Central in C-60 Yuri Hofmann. | |
| 06/23/2009 | Motion Hearing (Civil) rescheduled to 09/25/2009 at 10:30:00 AM in C-60 before Yuri Hofmann at Central. | |
| 06/17/2009 | Amendment to Complaint (Correcting name of Defendant to More Enterprises Commmunication Network, Inc.) filed by Long, David Jr. | Long, David (Plaintiff) |
| 06/17/2009 | Complaint dismissed as to MEC Network Inc with disposition of Dismissed. | |
| 06/12/2009 | Stipulation - Other - Fee Due (Stipulation and Order to Continue Trial and All Related Dates) filed by More Enterprises Communication Network, Inc.; Alexandre, Luciano; Long, David Jr; Pacheco, Dave; Cafe Sevilla, Inc.. | Alexandre, Luciano (Plaintiff); Cafe Sevilla Inc (Defendant); Long, David (Plaintiff); More Enterprises Communication Network Inc (Defendant); Pacheco, Dave (Plaintiff) |
| 06/09/2009 | Amendment to Complaint filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 06/08/2009 | Motion to Be Relieved as Counsel of Record (and supporting documents) filed by MEC Network Inc. | More Enterprises Communication Network Inc (Defendant) |
| 06/05/2009 | Statement of Agreement/Nonagreement - nonagreement filed by KRUIS, STEVEN. | KRUIS, STEVEN (Mediator) |
| 06/04/2009 | Motion Hearing (Civil) scheduled for 06/26/2009 at 10:30:00 AM at Central in C-60 Yuri Hofmann. | |
| 03/17/2009 | Trial Readiness Conference (Civil) scheduled for 08/07/2009 at 09:30:00 AM at Central in C-60 Yuri Hofmann. | |
| 03/17/2009 | Civil Jury Trial scheduled for 08/21/2009 at 09:00:00 AM at Central in C-60 Yuri Hofmann. | |

| 03/17/2009 | Cases consolidated on 03/16/2009. 37-2008-00082140-CU-CR-CTL is designated the lead case. | |
|---|---|---|
| 03/16/2009 | Minutes finalized for Civil Case Management Conference heard 03/13/2009 08:30:00 AM. | |
| 03/16/2009 | This matter is referred to Mediation Mediation per stipulation of parties. | |
| 03/16/2009 | Minutes finalized for OSC - Other heard 03/13/2009 08:30:00 AM. | |
| 03/03/2009 | Case Management Statement filed by Cafe Sevilla Inc. | Cafe Sevilla Inc (Cross - Complainant) |
| 03/02/2009 | Case Management Statement filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 02/27/2009 | Case Management Statement filed by MEC Network Inc. | More Enterprises Communication Network Inc (Defendant) |
| 01/13/2009 | Civil Case Management Conference scheduled for 03/13/2009 at 08:30:00 AM at Central in C-60 Yuri Hofmann. | |
| 01/13/2009 | Civil Case Management Conference rescheduled to 03/13/2009 at 08:30:00 AM in C-60 before Yuri Hofmann at Central. | |
| 01/12/2009 | Motion Hearing (Civil) scheduled for 03/13/2009 at 08:30:00 AM at Central in C-60 Yuri Hofmann. | |
| 01/12/2009 | Minutes finalized for Civil Case Management Conference heard 01/09/2009 08:30:00 AM. | |
| 01/12/2009 | Minutes finalized for Civil Case Management Conference heard 01/09/2009 08:30:00 AM. | |
| 01/12/2009 | Civil Case Management Conference continued to 03/13/2009 at 08:30 AM before Yuri Hofmann. | |
| 01/07/2009 | Notice of Related Case filed by Pacheco, Dave; Weaver, Terry; Surrey, Steven. | Pacheco, Dave (Plaintiff); Surrey, Steven (Plaintiff); Weaver, Terry (Plaintiff) |
| 12/30/2008 | Case Management Statement filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 12/18/2008 | Case Management Statement filed by MEC Network Inc. | MEC Network Inc (Defendant) |
| 12/16/2008 | Case Management Statement filed by Cafe Sevilla Inc. | Cafe Sevilla Inc (Cross - Complainant) |
| 12/02/2008 | Civil Case Management Conference scheduled for 01/09/2009 at 08:30:00 AM at Central in C-60 Yuri Hofmann. | |
| 11/26/2008 | Case reassigned to Yuri Hofmann effective 11/24/2008 | |
| 11/24/2008 | Miscellaneous Minute Order Finalized. | |
| 11/24/2008 | Trial Readiness Conference (Civil) set for 04/03/2009 at 09:00 AM vacated. | |
| 11/24/2008 | Civil Jury Trial set for 04/17/2009 at 09:00 AM vacated. | |
| 11/24/2008 | Trial Readiness Conference (Civil) scheduled for 04/03/2009 at 09:00:00 AM at Central in C-75 Richard E. L. Strauss was vacated. | |
| 11/24/2008 | Civil Jury Trial scheduled for 04/17/2009 at 09:00:00 AM at Central in C-75 Richard E. L. Strauss was vacated. | |
| 11/24/2008 | Order - Other (ORDER OF RECUSAL) filed by Alexandre, Luciano; MEC Network Inc; Cafe Sevilla Inc. | Alexandre, Luciano (Plaintiff); Cafe Sevilla Inc (Cross - Complainant); MEC Network Inc (Defendant) |
| 11/17/2008 | Peremptory Challenge (Plaintiff's Statement of Disqualification because Judge is biased or prejudiced) filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 10/10/2008 | Answer (Amended) filed by MEC Network Inc. | More Enterprises Communication Network |

| | | Inc (Defendant) |
|---|---|---|
| 10/09/2008 | Trial Readiness Conference (Civil) scheduled for 04/03/2009 at 09:00:00 AM at Central in C-75 Richard E. L. Strauss. | |
| 10/09/2008 | Civil Jury Trial scheduled for 04/17/2009 at 09:00:00 AM at Central in C-75 Richard E. L. Strauss. | |
| 10/08/2008 | Minutes finalized for Civil Case Management Conference heard 10/03/2008 01:30:00 PM. | |
| 10/08/2008 | Jury demanded by plaintiff and defendant. | |
| 10/08/2008 | The Trial Readiness Conference (Civil) is scheduled for 04/03/2009 at 09:00 AM before Richard E. L. Strauss. | |
| 10/08/2008 | The Civil Jury Trial is scheduled for 04/17/2009 at 09:00 AM before Richard E. L. Strauss. | |
| 10/03/2008 | Minutes finalized for Demurrer / Motion to Strike heard 10/03/2008 01:30:00 PM. | |
| 10/02/2008 | Tentative Ruling for Demurrer / Motion to Strike published. | |
| 09/26/2008 | Demurrer / Motion to Strike scheduled for 10/03/2008 at 01:30:00 PM at Central in C-75 Richard E. L. Strauss was vacated. | |
| 09/25/2008 | Case Management Statement filed by Cafe Sevilla Inc. | Cafe Sevilla Inc (Cross - Complainant) |
| 09/25/2008 | Case Management Statement filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 09/23/2008 | Amended Answer filed by Cafe Sevilla Inc. | Cafe Sevilla Inc (Cross - Complainant) |
| 09/23/2008 | Proof of Service filed by Cafe Sevilla, Incorporated. | Cafe Sevilla Incorporated (Defendant) |
| 09/18/2008 | Case Management Statement (DEFENDANT) filed by MEC Network Inc. | MEC Network Inc (Defendant) |
| 09/08/2008 | Opposition - Other (to Demurrer) filed by MEC Network Inc. | MEC Network Inc (Defendant) |
| 09/04/2008 | Civil Case Management Conference scheduled for 10/03/2008 at 01:30:00 PM at Central in C-75 Richard E. L. Strauss. | |
| 08/27/2008 | Notice of Change of Address / Telephone Number filed by MEC Network Inc. | MEC Network Inc (Defendant) |
| 07/22/2008 | Answer (To Cross-Complaint) filed by MEC Network Inc. | More Enterprises Communication Network Inc (Cross - Defendant) |
| 06/27/2008 | Notice and Acknowledgment of Receipt filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 06/24/2008 | Memorandum of Points and Authorities filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 06/24/2008 | Memorandum of Points and Authorities filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 06/24/2008 | Demurrer filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 06/24/2008 | Demurrer filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 06/23/2008 | Demurrer / Motion to Strike scheduled for 10/03/2008 at 01:30:00 PM at Central in C-75 Richard E. L. Strauss. | |
| 06/23/2008 | Demurrer / Motion to Strike scheduled for 10/03/2008 at 01:30:00 PM at Central in C-75 Richard E. L. Strauss. | |
| 06/16/2008 | Cross-Complaint filed by Cafe Sevilla Inc. | Cafe Sevilla Inc (Cross - Complainant) |
| 06/16/2008 | Answer filed by Cafe Sevilla Inc. | Cafe Sevilla Inc (Defendant) |

| 06/13/2008 | Answer filed by MEC Network Inc. | More Enterprises Communication Network, Inc (Defendant) |
| 05/15/2008 | Certificate of Service filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 04/25/2008 | Amendment to Complaint (adding CAFE SEVILLA INCORPORATED) filed by Alexandre, Luciano. | Alexandre, Luciano (Plaintiff) |
| 04/17/2008 | Case assigned to Judicial Officer Strauss, Richard. | |

Select Page to View:   1  2  >   Current Page: 1  Top

PROOF OF SERVICE BY OVERNIGHT EXPRESS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Overnight Express. Such correspondence will be deposited with a facility regularly maintained by Overnight Express for receipt on the next business day.

On March 10, 2011, I served the following document(s): **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S NOTICE OF RELATED CASE** by placing a **true copy or original** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Craig D. Fuller
> Erik C. Jenkins
> FULLER JENKINS
> 11975 El Camino Real, Suite 200
> San Diego, CA 92130

and by sealing the envelope and placing it for collection and delivery by Overnight Express with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on March 10, 2011, at Los Angeles, California.

☑  State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐  Federal  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____    _____
Miriam Cardona                            
Print Name                                  Signature

REQUEST FOR JUDICIAL NOTICE
DWT 16718330v1 0061612-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 2128 AHM (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)

David Long, Jr.

**DEFENDANTS**

Playboy Enterprises International, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Erik C. Jenkins, Fuller Jenkins
11975 El Camino Real, Suite 200, San Diego, CA 92130
(858) 450-4050

Attorneys (If Known)

John P. LeCrone & Camilo Echavarria
Davis Wright Tremaine LLP
865 S. Figueroa, Suite 2400
Los Angeles, CA 90017-2566; (213) 633-6800

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff

□ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding   ☑ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  □ No     □ MONEY DEMANDED IN COMPLAINT: $ unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC Sections 1332, 1348, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco- mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | IMMIGRATION | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 463 Habeas Corpus- Alien Detainee | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

## CV11- 02128

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Long: Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Playboy Enterprises International, Inc.: Delaware & Illinois |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims: Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   3/11/11

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |