1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11

DAVID LONG, JR., an individual suing
on behalf of himself, all those similarly
situated and the general public,

              Plaintiff,

    v.

PLAYBOY ENTERPRISES
INTERNATION, INC. and DOES 1
through 500,

              Defendant.

_____

12

13

14

15

16

17

18

CASE NO.  CV 11-2128-AHM (AJWx)

INITIAL ORDER FOLLOWING FILING OF
COMPLAINT ASSIGNED TO JUDGE MATZ

19

20

21

22

23

24

25

26

     COUNSEL FOR PLAINTIFF SHALL SERVE THIS ORDER ON ALL

DEFENDANTS AND/OR THEIR COUNSEL ALONG WITH THE SUMMONS

AND COMPLAINT, OR IF THAT IS NOT PRACTICABLE AS SOON AS

POSSIBLE THEREAFTER.  IF THIS CASE WAS ASSIGNED TO THIS

COURT AFTER BEING REMOVED FROM STATE COURT, THE

DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER

ON ALL OTHER PARTIES.

27

28

     This case has been assigned to the calendar of Judge A. Howard Matz.

Judge Matz is intent on assuring that, as called for in Fed.R.Civ. P. 1, this case

will proceed so as "to secure [a] just, speedy and inexpensive determination . . ."

1    The parties are hereby informed of how they are expected to proceed.

2    **A.    THE COURT'S ORDERS**

3        Copies of Judge Matz's orders that may have specific application to this

4    case are available on the Central District of California website.  See ¶ K.  Those

5    orders include the following (this is not necessarily a complete list):

6              (1)    Order Setting Rule 16(b) Scheduling Conference

7              (2)    Scheduling and Case Management Order

8              (3)    Order re Protective Orders and Treatment of Confidential

9                     Information

10             (4)    Orders (separate) re Civil Jury Trials and Court Trials

11             (5)    Order re Settlement Conference Before This Court

12   **B.    SERVICE OF PLEADINGS**

13       Although Fed.R.Civ.P. 4(m) does not require the summons and complaint

14   to be served for as much as 120 days, the Court expects that they will be served

15   much sooner than that, and will require plaintiff to show cause before then if it

16   appears that there is undue delay.

17   **C.    ASSIGNMENT TO A MAGISTRATE JUDGE**

18       Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge

19   preside over all proceedings, including trial.  The Magistrate Judges who accept

20   those designations are identified on the Central District's website, which also

21   contains the consent form.  See ¶ K.

22   **D.    APPLICATIONS AND STIPULATIONS FOR EXTENSIONS**

23         **OF TIME**

24         **A.    Applications or Stipulations to Extend the Time to File**

25               **any Required Document or to Continue any Pretrial or**

26               **Trial Date.**

27       No stipulations extending scheduling requirements or modifying applicable

28   rules are effective until and unless the Court approves them.  Both applications

2

and stipulations must set forth:

      1.   the existing due date or hearing date;

      2.   specific, concrete reasons supporting good cause for granting the extension.  In this regard, a statement that an extension "will promote settlement" is insufficient.  The requesting party or parties must indicate the status of ongoing negotiations: have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement?  Has a mediator been selected?

      3.   whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

**E.     TRO'S AND INJUNCTIONS**

Parties seeking emergency or provisional relief shall comply with F.R.Civ.P. 65 and Local Rule 65.  The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim.  The parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers relating to TROs and injunctions.  The courtesy copy shall be placed in the drop box in the entrance way to chambers, to the left of Courtroom 14.  All such papers shall be filed "loose" - - *i.e.,* not inside envelopes.

**F.     CASES REMOVED FROM STATE COURT**

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the Notice of Removal, if not already included.  *See* 28 U.S.C. § 1447(a)(b).  If the defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District.  If before the case was removed a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7.

/ / /

1        **G.        STATUS OF FICTITIOUSLY NAMED DEFENDANTS**

2        This Court intends to adhere to the following procedures where a matter is

3    removed to this Court on diversity grounds with fictitiously named defendants

4    referred to in the complaint.  (*See* 28 U.S.C. ¶¶ 1441(a) and 1447.)

5        1.        Plaintiff is normally expected to ascertain the identity of and serve

6    any fictitiously named defendants within 120 days of the removal of the action to

7    this Court.

8        2.        If plaintiff believes (by reason of the necessity for discovery or

9    otherwise) that fictitiously named defendants cannot be fully identified within the

10   120-day period, an *ex parte* application requesting permission to extend that

11   period to effectuate service may be filed with this Court.  Such application shall

12   state the reasons therefor, and may be granted upon a showing of good cause.

13   The *ex parte* application shall be served upon all appearing parties, and shall state

14   that appearing parties may comment within seven (7) days of the filing of the *ex*

15   *parte* application.

16       3.        If plaintiff desires to substitute a named defendant for one of the

17   fictitiously named parties, plaintiff first shall seek to obtain consent from counsel

18   for the previously-identified defendants (and counsel for the fictitiously named

19   party, if that party has separate counsel).  If consent is withheld or denied,

20   plaintiff may apply *ex parte* requesting such amendment, with notice to all

21   appearing parties.  Each party shall have seven calendar days to respond.  The *ex*

22   *parte* application and any response should comment not only on the substitution

23   of the named party for a fictitiously named defendant, but on the question of

24   whether the matter should thereafter be remanded to the Superior Court if

25   diversity of citizenship is destroyed by the addition of the new substituted party.

26   *See* U.S.C. § 1447(c)(d).

27   / / /

28   / / /

4

1

### H.   BANKRUPTCY APPEALS

2      Counsel shall comply with the Notice Regarding Appeal From Bankruptcy

3  Court issued at the time the appeal is filed in the District Court.  The matter is

4  considered submitted upon the filing of the appellant's reply brief.  No oral

5  argument is held unless otherwise ordered by this Court.

6

### I.   MOTIONS UNDER FED.R.CIV.P. 12

7      Many motions to dismiss or to strike could be avoided if the parties confer

8  in good faith (as they are required to do under L.R. 7-3), especially for perceived

9  defects in a complaint, answer or counterclaim which could be corrected by

10 amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a

11 motion to dismiss is granted, a district court should provide leave to amend

12 unless it is clear that the complaint could not be saved by *any* amendment).

13 Moreover, a party has the right to amend his complaint "once as a matter of

14 course at any time before a responsive pleading is served."  Fed.R.Civ.P. 15(a).

15 A 12(b)(6) motion is not a responsive pleading and therefore plaintiff  might have

16 a right to amend.  *See Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir. 1971);

17 *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir.

18 1981).  And even where a party has amended his Complaint once or a responsive

19 pleading has been served, the Federal Rules provide that leave to amend should

20 be "freely given when justice so requires."  F.R.Civ.P. 15(a).  The Ninth Circuit

21 requires that this policy favoring amendment be applied with "extreme

22 liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th

23 Cir. 1990).  These principles require that counsel for the plaintiff should carefully

24 evaluate the defendant's contentions as to the deficiencies in the complaint and

25 that in many instances the defendant (or moving party) should agree to any

26 amendment that would cure a curable defect.

27 / / /

28

5

1      In the unlikely event that motions under Fed.R.Civ.P. 12 challenging

2  pleadings are filed after the Rule 16(b) Scheduling Conference, the moving  party

3  shall attach a copy of the challenged pleading to the Memorandum of Points and

4  Authorities in support of the motion.

5      The foregoing provisions apply as well to motions to dismiss a

6  counterclaim, answer or affirmative defense, which a plaintiff might contemplate

7  bringing.

8      **J.     ELECTRONIC FILING AND CHAMBERS COPIES**

9      All documents which are required to be filed in an electronic format

10 pursuant to General Order No. 10-07[1] must be filed electronically no later than

11 midnight on the date due, unless otherwise ordered by the Court.  Documents

12 filed late may be stricken by the Court.  The Court will not accept documents

13 which were filed electronically, but which otherwise fail to comply with filing

14 requirements.

15      A.    First step:  Electronically Filed *Proposed* Documents. When a

16           proposed order or other proposed document accompanies a filing,

17           the proposed order or other proposed document shall be in PDF

18           format and included, as an attachment, to the main electronically

19           filed document (e.g., stipulations, applications, motions). Proposed

20           orders or other proposed documents that are not filed with a main

21           document, such as a proposed judgment or proposed findings of fact,

22           shall be electronically filed as an attachment to a Notice of Lodging

23           and shall be electronically linked to the order or minute order

24           directing the preparation of the proposed document.

25      B.    Second step:  WordPerfect or Microsoft Word Copy of Proposed

26           Documents.  After the document in paragraph A has been

27

28 [1] In the Matter of: Order Authorizing Electronic Filing – General Order No. 10-07 (Supersedes General Order Nos. 08-02 and 08-11)

1    electronically filed, a WordPerfect or Microsoft Word version of the

2    document, along with a copy of the PDF electronically filed main

3    document, shall be e-mailed to Judge Matz's generic email address

4    which is:  ahm_chambers@cacd.uscourts.gov.  The subject line of

5    the e-mail shall be in the following format: court's divisional office,

6    year, case type, case number, document control number assigned to

7    the main document at the time of filing, judge's initials and filer

8    (party) name (example, 2:10-cv-00000-AHM (_ _ _x): Mr. Smith,

9    *Smith v. Jones*).

10   C.   Third step:  Chambers Paper Copies.  Unless otherwise ordered,

11   chambers paper copies of all electronically filed documents must be

12   delivered to the courtesy box outside chambers no later than 12:00

13   noon the following business day.  The chambers paper copies must

14   comply with Local Rule 11-3, i.e., blue backed, font size, page

15   numbering, tabbed exhibits, etc., unless otherwise directed.  IF A

16   DOCUMENT CONTAINS EXHIBITS THAT ARE NOT

17   TABBED, THE COURT MAY DECLINE TO READ THE

18   EXHIBITS.  The chambers paper copy must be prominently labeled

19   "CHAMBERS COPY" on the face page.  The chambers paper copy

20   must include the Notice of Electronic Filing, which should be the

21   last page of the document.  The court's CM/ECF website contains

22   additional instructions for delivery of what are sometimes called

23   "courtesy" copies.

24       Counsel seeking any kind of expedited relief, such as by an Ex Parte

25   Application or an application for a Temporary Restraining Order, shall deliver

26   the chambers paper copies to chambers immediately after the applicable filed

27   document(s) have been filed.

28

7

1       If counsel cannot deliver chambers copies, but instead must send them by

2   next day mail, the chambers copy should be mailed directly to chambers at the

3   address below.  Use the following address only:

4   U.S. District Court

5   Chambers of Judge A. Howard Matz

6   312 North Spring Street, Room 170

7   Los Angeles, CA 90012

8   Always place documents to be mailed to chambers in a separate envelope than

9   documents mailed to the intake department for filing.

10  **K.    WEBSITE**

11      Copies of this Order and other orders of this Court are available on the

12  Central District of California's website, at "www.cacd.uscourts.gov," under

13  "FAQs about Judges' Procedures and Schedules."

14      The Court thanks counsel and the parties for their anticipated cooperation.

15      IT IS SO ORDERED.

16

17  Dated: March 15, 2011                    _____

18                                                          A. HOWARD MATZ
                                                            United States District Judge

19

20

21

22

23

24

25

26

27

28